## STATE v. JOSEPH LAMB.

To constitute an " order for the delivery of goods," within the meaning of Rev. Code, chap. 34, sec. 59, a forgery, there must appear to be a drawer, a person drawn upon, who is under obligation to obey, and there must appear to be a person to whom the goods are to be delivered.

If the paper writing set forth in the indictment as a forgery does not contain these requisites, there cannot be a conviction for forgery under such statute.

The writing set forth in the indictment is such an instrument as will constitute at common law a forgery, *hence*, the conclusion " against the form of the statute " may be rejected as surplusage, and under the conviction in this case the defendant may be punished for a misdemeanor, as at common law.

Indictment for forgery tried before *Pool, J.,* at Spring Term, 1871, of PERQUIMANS Superior Court.

The indictment contained two Counts, the first of which is only material to be stated, and is as follows, to wit:

"STATE OF NORTH CAROLINA,

" PERQUIMANS COUNTY,

" Superior Court, Fall Term, 1871.

"The JURORS for the State upon their oath present that Joseph Lamb, of color, late of said county, at and in said county, with force and arms on the 20th day of September, A. D. 1870, falsely and fraudulently did forge and counterfeit, and cause and procure to be forged and counterfeited, a certain order for the delivery of goods, purporting to be made and signed by one James H. Hyatt, and addressed to Baxter & Adelsdorf, of Norfolk, Va., the tenor of which said forged and counterfeited order for the delivery of goods is as follows, that is to say :

' WOODVILLE, N. C., Sept. 20, 1870.

' *Messrs. Baxter & Adelsdorf, Norfolk, Va.,*

" GENTS :—Please send me one bbl. of molasses, one-half bbl. of sugar, 2 boxes soap, 2 bbls. of crackers, 1 keg powder, 1 jar snuff. Please put them as cheap as possible, and send them by steamer to E. City, and oblige,

' Very respectfully,

'JAMES H. HYATT.'

" With intent to defraud the said James H. Hyatt to his great damage, contrary to the form and statute in such cases made and provided, and against the peace and dignity of the State."

The jury found the defendant guilty upon said count, and not guilty upon the second count, whereupon the defendant moved in arrest of judgment, which motion was overruled. Judgment and appeal.

*Attorney General,* for the State.

*Busbee & Busbee,* for defendant.

I. This indictment is defective,

1. Because the forged paper writing set out, is not " an order for the delivery of goods," and the indictment is therefore self-contradictory and defective.

2. That there is no allegation that the person whose name

is signed to the order, had or assumed to have any right to order the delivery of goods. Clinch's case, 2 Russ on Cr. 473; 3 Chitty Cr. Law 1033.

3. Because it is not alleged that the persons to whom the order was directed, were, or were supposed to be, in possession of the goods, or any part of them named in the order. 3 Russ on Cr. 474.

4. Because the intent to injure is corruptly laid, the injury being necessarily inflicted, (if the rest of the indictment was good) upon the persons from whom the goods were ordered.

II. The indictment cannot be maintained at common law, because,

1. If the forged paper is described as an "order for the delivery of goods," and is not, the indictment is contradictory and defective at common law as well as by statute. Fost. 119.

2. But the offence is not indictable at common law; a promissory note is not such a paper as can be forged, and much less an order for the delivery of goods, or a request for goods. 3 Ch. Cr. Law 1022.

DICK, J. The question presented on the motion in arrest of judgment, is whether the forged paper writing set forth *in haec verba* in the indictment, and described as an "order for the delivery of goods" comes within the meaning of our statute. Rev. Code, ch. 34, sec. 59.

The same language is used in the statute, 7 Geo. 2, and has frequently received judicial construction in England.

"A forged order on a tradesman in the name of a customer, requesting that the goods mentioned in it, might be delivered to the bearer, is not within the statute, 7 Geo. 2, it the customer has no interest in the goods mentioned." Williams' case, 1 Leac, 114; Clinch's case, *Ib.* 540.

To constitute an "order for the delivery of goods," within the meaning of the statute, there must be apparently a drawer; that he must appear to have a disposing power over the goods:

that there must be a person drawn upon, who is under obliga-
tion to obey ; and there must appear a person to whom the de-
livery is to be made. 1 Bish. C. L. 343. Newton's case, 2
Moody, 89. To remedy the defects in the statute, 7 Geo. 2,
pointed out in numerous decisions, other statutes were passed
to cover as far as possible, all cases of forgery which might arise
in commercial or business transactions. The words "under-
taking," " warrant," " authority," and " request," contained in
statute 11 Geo. 4, and 1 William 4, are not in our statute ;
and we need not refer to the construction given to these words
by various decisions in the English Courts. In the case before
us the forged paper writing, does not come within the statutory
meaning of an " order for the delivery of goods," as construed
and defined by the Courts in England, and we see no sufficient
reason for departing from the rules which they have estab-
lished. The paper in question is a request for the delivery of
goods, and would come within the provisions of the English
statutes against forgery, but it is not embraced in our statute.

His Honor erred therefore in pronouncing judgment against
the defendant, for a felony under the statute. The Attorney
General insisted in his argument in this Court, that the defen-
dant was guilty of the crime of forgery at common law, and as
he was convicted, judgment ought to be pronounced against
him for this offence.

After careful consideration, we are of opinion that such a
position is correct in law.

In Wood's case, Strange, 747, it was held that forging an
order for the delivery of goods, was a misdemeanor at common
law ; and Mr. East considers this case to have settled the rule
that the counterfeiting of any writing with a fraudulent intent
whereby another may be prejudiced, is forgery at common law.
2 East. P. C. 861.

In our case the forged paper is set out fully in the indict-
ment, and we can see that it is such a forgery as is punishable
at common law, and judgment may be pronounced, although

the prisoner was indicted under the statute, for the conclusion against the statute may be rejected as surplusage. *State* v. *Walker,* N. C. Term Rep. 229, 1 Bish. C. Pr. 349.

The objection made by the defendant's counsel, that there is a misdescription of the paper set out in the indictment, cannot be sustained. Under some of the old decisions of the Courts, this objection would be fatal,—but the principle is now well established, that where the instrument is fully set out in the indictment, a technical designation of its character, may be dispensed with ; and in such, a misnomer of the instrument may be rejected as surplusage. Wharton C. L. sec. 1467, and note.

There was error in the judgment of the Court below, and this opinion must be certified, to the end that his Honor may pronounce judgment according fo law.

PER CURIAM.                                   Reversed.