STATE *vs.* BOB THORN.

1. When an order was forged and drawn, in the name of an overseer and agent upon his principal, and, the purpose was to defraud the principal, the indictment for such forgery must aver that the person whose name was forged, was the agent, and, that he had authority to draw upon his principal; otherwise, the Court cannot see that the false paper had a tendency to defraud the principal, or, how it could have been issued for such a purpose.

2. The distinction between this case and *State* v. *Lamb*, 65 N. C. R., 419 stated by PEARSON, C. J.

*State* v. *Greenlee*, 1 Dev., 323, cited and approved.

Indictment for forgery, tried before Moore, Judge, at Fall Term 1871, of Edgecombe Superior Court.

The following is a copy of the indictment:

"STATE OF NORTH CAROLINA—EDGECOMBE COUNTY.

*Superior Court, Fall Term* 1871.

The jurors for the State, upon oath, present that Bob Thorn, *alias* Benj. F. Mayo, *alias* Benjamin Cherry, late of Edgecombe county, at and in said county, with force and arms, on the 5th day of September, 1871, did feloniously and unlawfully forge a certain order, which said forged order is as follows :—

'Judge Howard 20 days work at one dollar per day, and 14 days at 75cts.                                    FATE JOHNSON.

'Please pay Bob twenty days work at one dollar per day, 14 days at 75cts per day. Commenced work August 1st; stopped 5th day of Sept., 1871."

—with intent to defraud one George Howard, contrary to the statute and against the peace and dignity of the State."

There was evidence to show that the defendant had forged the order as set forth in the indictment, and that he had presented it and received part of the pay from (Judge) George Howard. There was also evidence that the person whose name was forged (Fate Johnson) was the agent and manager for Judge Howard, and had a right to draw on him, and that his orders were generally paid.

Under instructions from the Court the jury found the defendant guilty. Judgment and appeal.

In this Court there was a motion in arrest of judgment.

*Attorney General* for the State.
*J. L. Bridgers & Son* for defendant.

PEARSON, C. J. The bill of indictment is defective in this: there is no averment to connect Johnson with Howard so as to show that Johnson had authority, as the agent of Howard, to state the account of laborers and draw on him for the balance due. Without this averment, there is nothing from which the Court can see, that the false paper had a tendency to defraud Howard, or, how it could have been issued for such a purpose. *State* v. *Greenlee*, 1 Dev. 323, "The writing must have a tendency to injure; that tendency must be apparent to the Court; either by the face of the writing or by an averment of facts extrinsic, showing the tendency to injure." *Rex* v. *Wilcox*, *Russell* v. *Ryan*, Cr. cases, 50.

The indictment must aver, that the party purporting to have signed the false paper, had authority to sign and bind the party alleged to have been defrauded. In *State* v. *Lamb*, 65, N. C., 419, the intent charged was to defraud Hyatt, the party whose name was forged, so the intent was apparent without the averment of extrinsic facts.

This distinguishes the cases. Error. The judgment is arrested.

PER CURIAM.                      Judgment arrested.