STATE v. EMANUEL LEAK.

*Forgery—Judge's Charge—General Verdict.*

1. Where there are three counts in an indictment, it is not error in the court to tell the jury to disregard two of them and consider only the third ; and a general verdict of guilty under such instruction will be applied to the third count.

2. On the trial of an indictment for forgery containing a general averment of an intent to defraud, it is not necessary that the verdict should specify the person intended to be defrauded.  (Bat. Rev., ch. 33, § 67.)

3. An indictment for forging an order for delivery of goods under Bat. Rev., ch. 32, § 58, which fails to allege that it was drawn by one having the power to dispose of the goods upon a person under obligation to obey, is defective.  But in such case a conviction will be sustained for the offence at common law.

(*State* v. *Long*, 7 Jones, 24; *Walker's case*, Term. Rep., 229; *Upchurch's*, 9 Ire., 454; *Cook's*. Phil., 535 ; *State* v. *Lamb*, 65 N. C., 419 ; *State* v. *Thorn*, 66 N. C., 644, cited and approved.)

INDICTMENT for Forgery tried at Fall Term, 1878, of RICHMOND Superior Court, before *Buxton, J.*

The defendant is charged with the crime of forgery in an indictment containing three counts, in each of which the alleged forged instrument is described in these words : "May 4th, 1878.   Everett & Co.—Let this boy have $2.65 worth of goods." Signed—"Joseph Flowers." The several counts differ only in the following particulars,—the first count charges an intent to defraud the said Joseph Flowers ; the second, an intent to defraud William J. Everett and others,

and avers that they were under obligation to fill orders drawn by the said Joseph Flowers; and the third, an intent to defraud generally.

On the trial the following facts were given in evidence: The proper firm name of the partnership of which William J. Everett was a member, is Leak, Everett & Co. About four years before the forged order was presented, Everett, the head of the firm, on its behalf agreed with Flowers that his orders for goods should be filled, and they had been since that time uniformly honored. One-fourth of the orders drawn by Flowers were directed to Everett personally, or to Everett & Co., and all were recognized and complied with by the firm. Orders were frequently drawn by other persons, addressed sometimes to Everett, Leak & Co., and at other times to Everett, Ledbetter & Co., neither of which is the proper partnership name, and were accepted and taken up by Leak, Everett & Co. The false making and forging the written instrument, set out in the indictment, by the defendant was not controverted. Several instructions were asked for the defendant:—

1. That if it be not necessary to specify in the indictment the names of the persons intended to be defrauded, it must be shown to the jury on the trial who they are.

2. That there is no evidence of an intent to defraud any person except Joseph Flowers, W. J. Everett, or Leak, Everett & Co.; nor of any legal obligation resting on the two last named parties to pay the order.

3. That the order was not specified in the statute and there was no such partnership as that to which it was directed.

4. That in order to convict, the indictment must allege and the evidence show a right in Flowers to draw, and an obligation on the firm to pay the order.

The court among other instructions not complained of charged the jury that they might disregard the first and

second counts, and consider only the third; and that while there is no evidence of an intent to defraud any person except Flowers, Everett, or Everett & Co., it was not necessary to discriminate among them; and if the jury were satisfied the intent was to defraud any of them, it was sufficient. The jury found the defendant guilty, as we understand the case, upon the third count, and from the judgment thereon he appealed. See *State* v. *Long*, 7 Jones, 24.

*Attorney General*, for the state.
*Mr. J. D. Shaw*, for the defendant.

SMITH, C. J. (After stating the case.) The charge in substance is, that if the intent to defraud either of the parties named was satisfactorily proved to the jury, they were warranted in finding against the defendant on the last count under the general allegation to defraud. In this we see no error. The form of this count is authorized by the express words of the statute, and it is sufficient at the trial to show any person who could be defrauded and against whom the intent to defraud is directed, in proof of the general averment of an intent to defraud. But it is neither necessary nor proper that the verdict should specify the person intended to be defrauded. The intent is often legally ascertained from the act itself, and it is quite apparent the fraud would have been consummated, had the defendant's attempt been successful upon those whose property had been taken from them through the instrumentality and use of the forged order; and against them therefore must the fraudulent intent have been directed.

We think the exception founded upon the misdescription of the proper firm name of the persons to whom the order is directed, entirely untenable. The firm of Leak, Everett & Co., constituted of W. J. Everett and others, recognized and acted upon orders drawn by Flowers, and thus directed, and he after-

wards paid them. This concurrent understanding of both parties to the transaction gives legal validity to the form of the order.

But the indictment cannot be sustained for forgery under the statute (Bat. Rev. ch. 32, § 58) as construed by the adjudications in this state. The words " order for the delivery of goods " used in the enumeration of those written instruments the false making of which is in the act declared to be forgery, are held to include such orders only as are drawn *by a person having a disposing power over the goods upon a person under obligation to obey.* The instrument described in the indictment is rather in the nature of an application to purchase goods on credit, and the contract of sale is consummated by delivering to the boy. To bring it within the statute, there must be averments of such disposing power in one, and corresponding duty to deliver on the other, and proof to support them. These averments are not contained in the count on which the defendant was convicted. *State* v. *Lamb,* 65 N. C., 419; *State* v. *Thorn,* 66 N. C., 644.

But the conviction may be sustained for the offence at common law, as is held in *Lamb's case, supra.* There is error in the judgment below. This will be certified to the end that judgment may be rendered upon the verdict of guilty on the third count in the indictment as for an offence at common law. *State* v. *Walker,* Term. Rep., 229; *State* v. *Upchurch,* 9 Ire., 454; *State* v. *Cook,* Phil., 535.

PER CURIAM.                    Order accordingly.