STATE v. CHARLES WILLIAMS.

*Forgery—Common Law Punishment.*

One convicted of forgery at common law was subject to corporal punishment, but imprisonment in the penitentiary or county jail is substituted in lieu thereof by Battle's Revisal, ch., 32, § 29.

(*State* v *Lamb*, 65 N. C., 419; *State* v. *Leak*, 80 N. C., 403, cited and approved.)

INDICTMENT for forgery tried at November Special Term, 1881, of NEW HANOVER Criminal Court, before *Meares, J.*

The defendants, Charles Williams and John Deal, were found guilty by the jury, and the court sentenced each of them to be imprisoned in the penitentiary for two years, from which judgment they appealed, assigning as error, that as the bill of indictment is drawn at common law, and not under the statute, a sentence of imprisonment in a penitentiary upon their conviction was not warranted by the common law.

*Attorney General,* for the State.
*Messrs. Russell & Ricaud,* for defendants.

SMITH, C. J. Upon the conviction of the defendants of the joint forgery specified in the bill of indictment, they were sentenced each to confinement in the state prison for the term of two years. From the judgment both appeal, and assign as error that the offence charged is not within the statute, and being but a misdemeanor is not punishable at common law with corporal punishment, and hence not with that imposed which is its substitute. It has been already decided that an indictment for the false making of a written order, such as that described, without averments of a disposing power in the person whose name is used to ob-

tain the goods or money, and of a corresponding duty in the person on whom the order is drawn to comply with it, is not sufficient under the statute, but good at common law. *State* v. *Lamb,* 65 N. C., 419 ; *State* v. *Leak,* 80 N. C., 403.

The general assembly in 1869, enacted that every crime or offence whatever, heretofore punishable by the laws of North Carolina when the present constitution went into effect, with whipping, *or other corporal punishment,* shall hereafter, in lieu of such corporal punishment, be punished by imprisonment in the state's prison, or county jail, for not less than four months nor more than ten years. Bat. Rev., ch. 32, § 29.

If then corporal punishment could be administered in any form upon a conviction of the offence as recognized by the common law, the offender may now be sent to the state's prison for a term within the prescribed limits, and the judgment pronounced for a term within those limits, is with warrant of law. The text writers and early adjudicated cases, show, that the pillory was usually adjudged at common law where the conviction was of an infamous crime, such as forgery and perjury, (7 Com. Dig., 534,) and whatever differences of opinion may have been entertained, as to the subject matter of the offence, there is a general concurrence among them, that this form of punishment may be inflicted for the common law offence. Thus, forgery is defined by BLACKSTONE and by others as "the fraudulent making or alteration of a writing to the prejudice of another man's rights," (4 Com., 247,) and he adds, "the offender may suffer fine, imprisonment and *pillory ;*" and in 4 Bac. Abr., Title, *Forgery,* it is declared that the offender is punishable with fine and imprisonment and such other corporal punishment as the court in its discretion may think proper.

In the case of *King* v. *Ward,* 2 Lord Ray., 1461, where the information charged the forgery of a written order for a disposal of certain goods mentioned in an accompanying sched-

ule, the question of the writings, for the false and fraudulent making of which the offender was liable at common law, was fully considered on a motion in arrest of judgment. In support of the motion it was insisted that the crime at common law could only be committed by the falsification of records and instruments of a public nature, and perhaps of deeds. Numerous cases were referred to, in which a wider scope had been given to the common law, and in accordance with these precedents the court overruled the motion, and ordered the prisoner "to stand in the pillory before Westminster-Hall gate, and to pay a fine of 500 pounds." This decision is said "to have settled the rule that the *counterfeiting of any writing* with a fraudulent intent, whereby another may be prejudiced, is forgery at common law." 2 East, 361 ; 2 Russell, 350.

So *King* v. *O Brian*, 7 Mod., 378, for a similar offence the prisoner was adjudged "to stand in the pillory for one hour" and pay a fine of five pounds.

Previous to the adoption of the constitution of 1868, which abolishes all forms of corporal punishment, except the death penalty limited to a few specified crimes, it was enacted that "the punishment of the pillory shall be used only for crimes that are infamous, or done in secrecy or malice, or done with deceit and intent to defraud." Rev. Code, ch. 34, § 120.

The result is that in cases where the pillory could have been adjudged against an offender, he may now be made to undergo the substituted punishment of confinement in the penitentiary.

There is therefore no error, and this will be certified to the end that the court may proceed to judgment.

No error. Affirmed.