### STATE v. JOHN WEAVER.

#### *Indictment—Forgery.*

1. To constitute the offense of forgery at common law, the instrument forged must be executed with the fraudulent intent to injure or defraud another; and must be such as tends to injure or defraud another.

2. If this appears on the face of the instrument, it is sufficient to set it out in the indictment, with an allegation of the false and fraudulent intent. But if this does not appear on the face of the instrument, the extraneous facts which show the tendency to injure and defraud, must be averred.

3. An indictment which charges that *J. W.* did wilfully and falsely make, forge and counterfeit, and assent to the falsely making, forging and counterfeiting, a certain paper writing, commonly called a railroad pass, (setting it out), with intent to defraud, does not charge the offense of forgery either under the statute of this State or at common law.

4. A railroad ticket or pass may be the subject of the offense of forgery at common law.

(*State* v. *Greenlee*, 1 Dev., 523; *State* v. *Thorne*, 66 N. C., 644; *State* v. *Lamb*, 65 N. C., 419, cited and approved).

INDICTMENT, for forgery, tried before *Gilmer, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of ORANGE county.

The jury found the defendant guilty, and from an order of the Court arresting the judgment, the Solicitor, in behalf of the State, appealed.

The defendant was indicted for the alleged forgery of a paper writing, commonly called a " railroad pass." The following is a copy of the material parts of the indictment: " The jurors for the State, upon their oath present, that John Weaver, late of the county of Orange, on the first day of January, 1885, with force and arms, at and in the county of Orange aforesaid, of his own head and imagination, did wittingly and falsely, make, forge, and counterfeit, and did then and there wittingly assent to the falsely making, forging, and counterfeiting, a certain paper writing, commonly called a railroad pass, which forged writing is as follows, that is to say: ' Hillsboro, N. C., Oct. 17th, 1885—Conductor will please pass this man to Graham and return, J. B. Rosemond,' with intent to defraud, against the form of the statute, in such case made and provided, and against the peace and dignity of the State."

The defendant pleaded not guilty. Upon the trial, the jury rendered a verdict of guilty, and the Court arrested the judgment, upon the grounds that, " 1st. The indictment did not charge an indictable offense; 2nd. The failure of the indictment to aver that J. B. Rosemond had authority from the railroad company to sign papers like the one set out in the indictment; and that the railroad company was under obligation to honor the same thus given." The Solicitor for the State excepted, and from the order. arresting judgment, appealed to this Court.

*Attorney-General,* for the State.
No counsel for the defendant.

MERRIMON, J., (after stating the facts). It is very obvious that the indictment charges no offence created by any statute of this State in respect to forgery, and we.are of opinion that it can not be sustained at common law.

The order, request, or "railroad pass," as it is called, is very indefinite and uncertain in every aspect of it. It does not purport, upon its face, to be given by a person who had any authority

to grant it, or to create any possible obligation on his part, to make it good or effective in any contingency, nor does it create, or express any purpose to create, any—the slightest—obligation upon the "conductor," whoever he was, or whatever his business, to accept it, and comply with the request contained in it, or to create any liability in any way, upon any person. Nor does it appear to whom it was given, or that it was given for any consideration of value. So far as appears from the order itself, or any averment in the indictment, it had no binding effect, and could not operate so as to injure or defraud any person. It was a simple, naked request, in favor of any person who might hold it.

To constitute the offence of forgery at common law, the paper writing, or instrument forged, must be executed with a fraudulent intent, and be such as may prejudice, or as would, or might, if genuine, operate to create a liability of another person. The false instrument must be such as does, or may, tend to prejudice the right of another, and such tendency must be apparent to the Court, either from the face of the writing itself, or from it, accompanied by the averment of extraneous facts, that show the tendency to injure. If the forged writing itself shows such tendency, then it will be sufficient to set it forth in the indictment, alleging the false and fraudulent intent; but where such tendency does not so appear, the extraneous facts, necessary to make it apparent, must be averred. This is essential, so as to enable the Court to see in the record, that the indictment charges a complete offence. *State* v. *Greenlee*, 1 Dev., 523; *State* v. *Thorn*, 66 N. C., 644; *State* v. *Lamb*, 65 N. C., 419; *People* v. *Sholl*, 9 Cowen, 778; *People* v. *Harrison*, 8 Barb., 560.

As we have seen, the alleged forged writing in this case, did not, of itself and upon its face, tend to prejudice any person. It may be, however, that the person whose name is subscribed to it, was the agent of a railroad company, and had authority to issue such a "pass" for a consideration—that the paper was given to some particular person—that the conductor was agent of the

railroad company, and authorized and required to receive and act upon such a paper—it may be that there were facts and circumstances that would have shown that the paper did constitute the offence of forgery. If so, such material facts should have been properly averred, in connection with the writing, in the indictment. It is not sufficient to simply designate the paper as a "railroad pass"—it must appear and purport in some way, and with reasonable certainty, to be such pass, to constitute forgery. A railroad ticket, or pass, may be the subject of the offence at common law. *Commonwealth* v. *Ray,* 3 Gray (Mass.), 441; *Regina* v. *Boult,* 3 Car. & Kir., 604, (61 Eng. C. L., 603). The Court properly arrested the judgment.

Let this opinion be certified to the Superior Court, to the end that further proceedings may be had according to law. *It is so ordered.*

No error. Affirmed.