The defendant was indicted for forgery of an order, of which the following is a copy:
Oct. 27th, 1884.
(914) Mr. R. T. Long, Please let Henry Carmone have 500 dollars and I will be in Monday and pay you oblige yours J. M. HAWOOD.
The State introduced J. M. Haywood, who testified that he did not sign or authorize any one to sign the order for him; that he wrote his name "J. M. Haywood," and not "Hawood"; that he knew R. T. Long, but did not know whether Long knew him; that he never had any transactions with Long; that he was the son of James Haywood.
James Haywood, a witness for the State, testified that he signed his name James Haywood; that he did not sign the order, and that he spelled his name as J. M. Haywood did; that he did not think there was any other James M. Haywood in Richmond county.
R. T. Long, a witness for the State, testified that the order was presented to him by the defendant; that he told defendant he did not have the money, when defendant said he wanted goods; that he went and got another party to let him have the goods, among them a pair of boots; that he told defendant he was disposed to accommodate Mr. Haywood; that there had been some writings passed between him and James Haywood, father of J. M. Haywood; their names were spelled "Haywood"; that he did not notice the order particularly; he thought it was spelled "Haywood," but could not say; J. M. Haywood had never given any order on him before for goods or money, and he did *Page 761 
not know his given name; knew his father, but not the prosecutor; did not pay any attention to the spelling; the order was brought to him sometime last year, on or about its date — think a day or two afterwards; that he took it for five dollars; thought it was for that amount; there is nothing in the order that separates the 5 from the 00, but it is written 500; that he had never cashed any order for the defendant before; defendant said he wanted five dollars, and he took it for that.
Here the evidence closed.
The defendant asked for the following instructions: (915)
I. That in order to convict the defendant, there must be such a resemblance of the forged to the genuine order, as might deceive a person of ordinary caution or prudence, or of ordinary business capacity, and that if by exercise of ordinary care and caution, R. T. Long could not have been deceived or misled by the order, the defendant would not be guilty.
II. That if R. T. Long cashed the order, or delivered goods or other articles thereon, without having inquired as to its genuineness, and there was anything upon the face of the order to excite a reasonable suspicion or doubt as to its genuineness, then the defendant would not be guilty.
III. That if there was anything upon the face of the order to excite suspicion or inquiry as to its genuineness, and R. T. Long failed to exercise care, or to make inquiry as to its genuineness, defendant is not guilty.
IV. That if the name signed to the order, did not resemble the signature of the alleged drawer, and this was known to R. T. Long, or would have appeared to him by a careful inspection, it was enough to have put him on inquiry, and the law will presume that he knew what that inquiry would have disclosed.
V. That if by exercise of ordinary care, R. T. Long could have discovered that the order was not genuine, and he failed to exercise such care, the defendant is not guilty.
These instructions his Honor refused, and charged the jury: That if the defendant presented the paper offered in evidence to R. T. Long, for the purpose of obtaining money from him, and the paper was intended by the defendant to defraud; if it was intended to represent the name of J. M. Haywood, even though it was not spelled properly, and if it were not signed by Mr. Haywood or by his directions, and defendant knew it, he is guilty. If the State had not satisfied the jury of these facts, defendant would not be guilty. *Page 762 
The defendant excepted because of the refusal to give the (916) instructions asked by him, and to the instructions given. Rule for a new trial discharged, judgment and appeal by defendant.
The constituent elements of the crime of forgery at common law, are the false making or alteration of the writing or instrument forged, the fraudulent purpose, and the tendency and capacity of it to prejudice the right of another person.
If such tendency and sufficiency of the instrument appear upon its face, it will only be necessary to aver its false and fraudulent nature, setting forth an exact copy of it in the indictment. If, however, these do not appear, but there are extraneous facts that make the instrument have such tendency, and therefore, the subject of forgery, those facts must be averred in connection with it in such apt way, as will make the tendency appear. This is necessary, because the Court must see that the complete offence is charged.
In this case, the tendency of the writing forged to prejudice the right of another person plainly appears. Obviously, if the order had been genuine, the maker of it would certainly have been liable, if the person to whom it was addressed, has in compliance with it, supplied the money, or goods in lieu of it, notwithstanding the informality, and the misspelling of the name of the maker. It is true, as contended by the appellant's counsel, that the order must have resembled a genuine one, and been such as might have deceived or misled a reasonable person; but this does not imply that it must have been perfect and orderly in form, and correctly spelled the names of the persons mentioned in it. A genuine order might be informal, or slightly incomplete — some of the words misspelled — a firm addressed not precisely by its name — the maker might, in his haste, or by inadvertence, omit a letter from his name — some or all these imperfections might appear upon careful (917) examination, and yet a reasonably cautious business man might — would — frequently accept such order, attributing the irregularities to haste and inadvertence, in some respects perhaps, to lack of accurate information. Orders for goods and the like, are often drawn hastily-carelessly. Many business men pay little attention to spelling or forms, and moreover, haste in the course of business will not allow of strict scrutiny of orders presented to be acted upon promptly. If, therefore, the false and fraudulent paper writing be such as that it might, from its nature, and the course *Page 763 
of business, deceive or mislead to the prejudice of another person, the offence of forgery would be complete.
The order in question was such a one. If genuine, a reasonably cautious man might, probably would, take and act upon it, if he knew the person making it, and had, or would like to have, business relations with him. It might be incautious, but not unreasonable to accept and act upon it, in the course of business. Indeed, the person to whom it was addressed did so.State v. Thorn, 66 N.C. 644; State v. Leak, 80 N.C. 403; State v. Lane,Ibid, 407; State v. Keeter, Ibid, 472; Archbold's Cr. Pl., 345; State v.Weaver, ante, 836.
The indictment does not charge an offence under the statute, but at common law. It was therefore unnecessary, indeed, not proper, to conclude against the statute. This, however, may be treated as surplusage. State v.Lamb, 65 N.C. 419; State v. Leak, supra.
There is no error. The judgment must be affirmed, and to that end, let this opinion be certified to the Superior Court.
No error. Affirmed.
Cited: S. v. Cross, 101 N.C. 785; S. v. Hall, 108 N.C. 779; S. v.Utley, 223 N.C. 48.