The defendant and one Freeman were indicted at Fall Term, 1889, for forgery of the following paper-writing:
Mr. Miller, pleas send me 3 gals. whiskey I will send you money.
DOLPH SHAVER.
Dec. the 24th 1888.
There were two counts in the bill of indictment, the first charging the forgery with intent to defraud Miller, and the second with intent to defraud Shaver.
At Spring Term, 1890, the defendants were put upon their trial. The defendant Freeman was convicted, but the jury having failed to agree upon a verdict as to the defendant Hall, the court directed a mistrial as to him. At Fall Term, 1890, he was again placed on trial.
It was in evidence that Miller and one Basinger were partners, distilling and selling liquor; that the order set out in the bill was fraudulently signed by said Hall without the authority of Shaver; that it was presented at the place of business of Miller Basinger to Basinger by said Freeman, who obtained the liquor on it and delivered it subsequently to Hall. The other facts were not set out, as there was no exception taken to the evidence.
The defendant asked the following instructions: (778)
1. That there is a variance between the allegations contained in the bill of indictment and the proof, in that the bill of indictment alleges that the order alleged to be a forgery was made with an intent to defraud Manuel Miller, while the proof showed that the whiskey was obtained from James Basinger.
2. There is no proof that any whiskey was obtained on the order from Miller.
The court refused the instructions asked, and, in lieu thereof, charged the jury that if they found the fact to be that Miller Basinger were partners in Rowan County, that defendant, in Stanly County, signed the order as set forth in the bill of indictment, that the charge in the bill to defraud Miller would be sustained by this proof if Basinger filled the order believing it to have been signed by Shaver.
To this defendant excepted, and also to the refusal to give the special instructions asked.
Verdict of "guilty." Judgment. Appeal by defendant. *Page 544 
To constitute forgery it is essential that there is an intent to defraud. It is not essential that any one be actually defrauded, or that any act be done other than the fraudulent making or altering the writing. The forgery of the order upon Miller and its presentation to his partner was evidence, ample, of the intent to defraud. S. v. Lane, 80 N.C. 407; S. v. Morgan, 19 N.C. 348. It was immaterial whether Miller himself, or Basinger for him, as his partner, filled the order, or, indeed, whether the order was filled at all or not. This is not an indictment for obtaining goods under false pretense. Indeed, upon an allegation of an intent to defraud A, it is not a (779) variance to show an intent to defraud A and B. 1 Whart. Cr. Law, 713, 743a. And, in fact, it was not necessary to allege the name of any person or corporation intended to be defrauded. The Code, sec. 1191. Besides, there was no instruction refused or exception taken to the charge as to the second count. The alleged errors were clearly such as could not have affected the verdict on the second count. This being so, and there being a general verdict of guilty on both counts, with but one sentence imposed, the law will apply it to the verdict upon the count to which no exception was assigned. S. v. Toole, 106 N.C. 736.
The defendant moves here in arrest of judgment —
1. Because, having been indicted jointly with Freeman, who was found guilty at the former term, it was error to make a mistrial as to the defendant and try him alone at the next term. Mistrials (except in capital cases) and severances are matters within the discretion of the trial judge. We see, therefore, nothing, to review in the course pursued here. When several defendants are indicted jointly, it is not unusual to try one or more, and issue capiases for others not taken, or, if taken, there may be a continuance as to some of the defendants, in the discretion of the court. Besides, there was no exception at the time, and it is too late to raise this objection after verdict.
2. The second ground urged in arrest of judgment is that the order is not such as is the subject of forgery under the statute. That is true, but the indictment is good for misdemeanor at common law. S. v. Lamb,65 N.C. 419; S. v. Leak, 80 N.C. 403; S. v. Covington,94 N.C. 913: And being an offense committed with intent to defraud, the sentence imposed is within the limit authorized by The Code, sec. 1097. There is
No error.
Cited: S. v. Robbins, 123 N.C. 738. *Page 545 
(780)