## C. W. BEASLEY v. THE STATE.

### No. 1867.    Decided November 30, 1898.

**1.    Forgery—Indictment.**

An indictment charging the forgery of the name of "J. C. Pray, Agt.," signed to a bill of lading, ostensibly issued for a railroad company, is insufficient which fails to allege, except by inference, that J. C. Pray was the agent of the railroad company.

**2.    Same—Allegation and Proof.**

In an indictment, everything necessary to be proved must be alleged.

APPEAL from the Criminal District Court of Harris.    Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for forgery; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No brief on file for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

There is no statement of facts in the record, and appellant relies exclusively on questions of law saved by bills of exception. The first bill of exception is as follows: "J. C. Pray, a witness for the State, over objections by defendant, was permitted to testify that on the 12th day of February, A. D. 1898 [the date of the alleged forged instrument], said witness was the agent and officer of the International & Great Northern Railroad Company, and as such agent and officer of said railroad company had authority to issue, sign, and put forth bills of lading for cotton received at Austin, Texas, for shipment on said railroad, in such manner as to bind said railroad company; that said witness was then, and has been since, the only person or officer authorized to issue, sign, or put forth such bills of lading. Before said evidence was admitted, defendant duly urged the following objections thereto: (1) That there was no proof that the International & Great Northern Railroad Company was a person or corporation capable of having an agent or officer; (2) that the indictment nowhere alleges that Pray was such agent or officer; and (3) that the evidence was irrelevant and immaterial to the allegations in the indictment. All of said objections were by the court overruled, and the evidence admitted, along with the further evidence that said Pray did not sign nor issue, nor put forth, the bill of lading alleged to be forged, nor authorize defendant, nor any one else, to sign, issue, or put forth the same,—to which action of the court defendant then and there excepted, and here tenders his bill of exceptions, which is signed,

and ordered filed," etc.  This brings in review the allegations in the indictment, and we will quote so much thereof as is necessary to a disposition of the questions here raised.  The indictment charged that appellant, without lawful authority, with intent to defraud, "did make a certain false instrument in writing upon paper, purporting to be the act of another, to wit, the act of one J. C. Pray, Agt., the said false instrument being then and there made by the said C. W. Beasley in such manner and in such way that the same, if it were true, would have created a pecuniary obligation on the part of the International & Great Northern Railroad Company, a corporation by and under the laws of the State of Texas, and is in words and figures as follows, to wit."  Here follows, copied into the indictment, a bill of lading, regular in form, of the International & Great Northern Railroad Company, signed by "J. C. Pray, Agt."  No question is made here but that the instrument set out is such an instrument as is the subject of forgery, without any extrinsic explanatory averments.  It is in the form of a bill of lading, such as is issued by the International & Great Northern Railroad Company.  It contains the name of the place and date of the shipment; an acknowledgment of receipt by the carrier of certain goods (to wit, 100 bales of cotton); the name of the shipper or consignor; the carrier and consignee; the name of the place of destination; and the terms upon which the transportation is to be made.  It is such bill of lading as is used by shippers in this State, and such as our statute requires shall be given by common carriers.  Rev. Stats., art. 322.  It is an instrument which is negotiable or quasi negotiable.  As stated above, no extrinsic explanatory averments were necessary in order to predicate a charge of forgery of said instrument, as on its face it imports an obligation affecting property. It is not such an instrument as was discussed in Cagle's Case, ante, p. 109, which we held required explanatory averments.  The difficulty, however, is whether or not the indictment should have alleged the connection between Pray and the International & Great Northern Railroad Company; in other words, whether or not it should have charged his agency for said company, so as to show by averment the connection between said company and Pray, so as to create an obligation as against the said railroad company.  The indictment here charges the forgery to be of the name "J. C. Pray, Agt."  Of course, we understand, in ordinary parlance, what "Agt." means.  We think the pleader should, by an innuendo, have explained this abbreviation.  But this is not the main point.  The indictment further goes on, and alleges that the false instrument was made by said Beasley in such manner and in such way that, if the same were true, it would have created a pecuniary obligation on the part of said railroad company, etc.  No doubt the pleader felt the necessity of showing the connection between said Pray and the railroad company; otherwise he would not have used this language.  But this is not tantamount to the allegation of agency for the said railroad company on the part of the said J. C. Pray.  This, in our opinion should have been

39th Crim. Rep.—44

distinctly alleged, and not left to inference. This matter was incidentally touched on in Millsaps v. State, 38 Texas Crim. Rep., 570; and see Daud v. State, 34 Texas Crim. Rep., 460. We there suggested the proper course of pleading. It is a rule of almost universal application, and is a requirement under our statute, that everything that is necessary to be proved must be averred. The proof of agency was offered in this case, and objected to because there was no allegation in the indictment to sustain this proof, and it was admitted over the objections of appellant. We think in this action of the court there was error. 2 Bish. Crim. Proc., sec. 418a, subdiv. 2; 2 Bish. Crim. Law, sec. 545, subdiv. 2; State v. Thorn, 66 N. C., 644. We deem it unnecessary to discuss other assignments. The judgment is reversed and the cause ordered dismissed.

*Reversed and dismissed.*

HURT, Presiding Judge, absent.