### J. D. Powell v. The State.

#### No. 4883. Decided June 19, 1918.

**1.—Forgery—Indictment—Tax Collector—Pleading—Name.**

Where defendant was charged with forging a delinquent tax report, and the indictment failed to allege that the defendant was tax collector of the county of the prosecution, such instrument would create no pecuniary obligation to the State, and the indictment was bad on motion to quash; and this, although the defendant was described in the certificate attached to said report as tax collector, as this was descriptive of the instrument and not equivalent to a direct allegation that the defendant was in fact the tax collector. Following Beasley v. State, 39 Texas Crim. Rep., 688.

**2.—Same—Rule Stated—Allegation and Proof.**

It is a rule of almost universal application, and is a requirement under our statutes, that everything that is necessary to be proved must be averred. Following Lynch v. State, 41 Texas Crim. Rep., 209.

Appeal from the District Court of Young. Tried below before the Hon. William N. Bonner.

Appeal from a conviction of perjury; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction was for forgery. The indictment charges that appellant altered a genuine instrument in writing which had theretofore been made by J. D. Powell, and which before being altered had been duly approved by the Commissioners Court of Archer County, which approval had been attested by the clerk of said county. In the indictment is set out what purports to be a delinquent tax report of J. D. Powell showing taxes delinquent in Archer County for the year 1906 and previous years. Attached to the instrument is a certificate of the Commissioners Court of Archer County, signed by the county judge and commissioners, and attested by the clerk, certifying that they had examined "the within report of lands and town lots assessed on the tax rolls of Archer County, for the year 1906, which have been sold to the State or reported delinquent for taxes of former years and not redeemed, and are also delinquent for the taxes of 1906, and find the same correct and that J. D. Powell, tax collector, is entitled to credit for the taxes as shown thereon, as follows, towit:" Then follows the items aggregating $381.01. A number of pages follow in the indictment under the head "delinquent tax report" which are alleged to have been in the instrument at the time the examination and certificate mentioned was made; and following these are a number of items similarly entered which are charged in the indictment to have been added to the delinquent tax report after it was certified, and it is charged that "said additions to said report and instrument then and there so made by the said J. D. Powell did then and there have the effect to create a pecuniary obligation against the State of Texas and in favor of said J. D. Powell, in the amount of the taxes shown by said alterations and additions as due and owing to the State of Texas, and that thereby the said J. D. Powell would receive, and did receive, a credit upon his account due by him to the State of Texas in the amount of the taxes he so reported as delinquent." Then follows the entire instrument as it appeared after the alterations were made, and in connection with the instrument thus set out, the items set out in the cer-

tificate aggregate a larger sum than that stated above. It is not alleged, however, that the certificate was changed, but the forgery, according to the allegations, consisted in adding to the delinquent tax list lands and lots upon which the taxes were reported delinquent and which were not delinquent, and which were added after the report was examined and certified by the Commissioners Court.

Various objections are urged against the indictment, none of which we regard as serious except that in which it is charged that, in the absence of a direct allegation that the appellant was tax collector of Archer County, it does not appear that the instrument would create a pecuniary obligation to the State. The law requires that the tax collector shall be charged with the aggregate amount of taxes shown due on the tax rolls which are delivered to him, and that this obligation is discharged by his commissions and payments of money received from the proper authorities and crediting his account with the amount of the taxes shown delinquent by his tax report approved by the Commissioners Court.    Vernon's Sayles' Civ. Stats., title 29.

It thus appears that the efficacy of the alteration charged to have been made in the document set out in the indictment to affect the pecuniary relation of appellant and the State, would depend upon his relations to the State, that is, whether he was tax collector or not. If he was tax collector he was entitled to such credit for the delinquent taxes as shown by his report, and fraudulent alterations of the report by making additions thereto increasing the amount of delinquencies would diminish his obligation to the State, in that under the law he was entitled to credit on the amounts charged against him as tax collector with the aggregate items of delinquent taxes.    J. D. Powell is described in the certificate as tax collector. It is contended, and we believe correctly, that this is descriptive of the instrument and not equivalent to a direct allegation that the appellant in this case was in fact the tax collector. We have not the benefit of a brief from either the State or the appellant. We find, however, the case of Beasley v. State, 39 Texas Crim. Rep., 688, was one in which the instrument charged to have been forged was a bill of lading purporting to have been issued by the International & Great Northern Railway Company, a corporation, and signed International & Great Northern Railway Company by J. C. Pray, Agt. On the introduction of evidence it was held that in the absence of a direct averment that J. C. Pray was the agent of the International & Great Northern Railway Company, that proof of that fact could not be received, and that in the absence of such proof no conviction could be had for the reason that the bill of lading charged to have been forged, if true, could only have created a pecuniary obligation against the railroad mentioned in the event it was issued by the railroad company acting through its agent, and that the mere setting out of the instrument as above indicated was an averment describing the instrument but not one supplying the essential averment that J. C. Pray was the agent. The court states: "We think the pleader should,

by an innuendo, have explained this abbreviation. But this is not the main point. The indictment further goes on, and alleges that the false instrument was made by said Beasley in such manner and in such way that, if the same were true, it would have created a pecuniary obligation on the part of said railroad company, etc. No doubt the pleader felt the necessity of showing the connection between said Pray and the railroad company; otherwise he would not have used this language. But this is not tantamount to the allegation of agency for the said railroad company on the part of the said J. C. Pray. This, in our opinion, should have been distinctly alleged, and not left to inference." So in this case it appears inferentially that the appellant was the tax collector of Archer County, but, as above stated, there being no direct averment of that fact, the allegation is not sufficient. The tax report could avail none but the tax collector. Appellant might have forged a tax collector's report, but unless he was tax collector it would have purported to have created no financial obligation between him and the State, for such relation could grow only out of the fact that under the law the tax collector and the State would have certain rights growing out of the tax collector's report. In the case of Beasley v. State, supra, it is stated: "It is a rule of almost universal application, and is a requirement under our statute, that everything that is necessary to be proved must be averred." It was necessary to prove that appellant was tax collector, and failing to aver that fact was, we think, fatal to the indictment. See Lynch v. State, 41 Texas Crim. Rep., 209.

The judgment of the lower court is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*