No. 338.

THE STATE OF LOUISIANA VS. WEBSTER GRYDER.

1.  In a forged instrument it is not necessary that there should be such resemblance to the signature forged as to mislead one acquainted therewith.  It is sufficient if there be an intent to deceive and a possibility of deceiving another who may not know the genuine signature.

2.  Even a misspelling of the name forged is not necessarily fatal.

State vs. Gryder.

3. Where the forged instrument is in such clumsy and illegible chirography as to be difficult to decipher, and the framer of the indictment has transcribed it according to his reading of the characters, a doubtful variance even in the name forged will not be fatal, especially where the defendant has had a former trial on the same indictment, and is fully advised as to the instrument to which the indictment refers.

APPEAL from the Third District Court, Parish of Claiborne. *Barksdale, J.*

J. D. *Everett* and J. R. *Land*, District Attorneys, for the State, Appellee:

1. To constitute the offence of forgery, it is sufficient if there be a bare possibility of imposing on another with the forged instrument. Nor is it necessary that the forged order be intelligently written. 38 An. 797; 35 An. 1042; Wharton's Criminal Law, Sec. 695; Bishop's Criminal Law, Vol. 2, Sec. 592.
2. Where a forged document is copied in an indictment, and a capital "A" is put in the place of a small "a," this is not a material variance. Nor are misspelled words, where the meaning is not changed. Whart. Crim. Plead. and Prac., Eighth Edition, Sec. 173; Whart. Crim. Law, Vol. 1, Sec. 695; Archibald Crim. Plead. 346.

J. R. *Phipps* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. Defendant was prosecuted for forgery of a writing, which was set forth in the indictment in words following:

"Marsh th 21 the year of 1890. Jim Begman. Plese let Webster Gryder have 2 dollars. J. A. Gandy at Home."

On the trial the State offered as the document alleged to have been forged an instrument, the chirography of which is so clumsy and illegible as to involve difficulty in deciphering it. It corresponds, however, to that set forth in the indictment, except as to the signature, which has much more the appearance of "Jo jandy" than "J. A. Gandy." It may be said, however, that the small "o" has a flourish which makes it resemble a small "a," and that the small "j" at the beginning of the surname has no *dot* over it, and is, therefore, neither a "j" nor a "g."

Counsel for defendant objected to the reception of this document on two grounds, viz.:

1. That said document is so unintelligible as to be incapable of deceiving a person of average understanding, and, therefore, could not serve as a basis for a prosecution or conviction for the crime of forgery.

2. That the said document differs materially from that set out in the indictment.

The *first* ground of objection was overruled by the judge *a quo* for the reason that it went only to the effect of the evidence, and should be left to the jury. The instrument, moreover, is not unintelligible; its meaning is very clear. We have held that the following are the chief essential elements of forgery: (1) A writing in such form as to be apparently of some legal efficacy; (2) an evil intent; (3) a false making of such writing. State vs. Ford, 38 An. 797; 2 Bishop Crim. Pro., Sec. 400.

There is nothing doubtful about this instrument except the signature. The record does not advise us whether it resembles the ordinary signature of J. A. Gandy. The freaks of illiterate persons in signing their names might cover such a case. The judge informs us that previous evidence had shown that accused in presenting the order to Bridgman had stated that it was written by Gandy, which establishes the evil intent. It is not necessary that there should be such resemblance to the signature forged as to deceive a careful person. We have held that it is sufficient if there be a bare possibility of imposing on another. State vs. Ferguson, 35 An. 1042; State vs. Ford, 38 An. 797; State vs. Dennett, 19 An. 395; 1 Whart. Crim. L., Secs. 695, 743.

Even the misspelling of a name forged does not destroy the possibility of deceiving. State vs. Covington, 94 N. C. 913; Gooden vs. State, 55 Ala. 178.

In the case last quoted, conviction was sustained where the name attempted to be forged was Thweatt, but the forged instrument had it Threet.

In another case it was held that an instrument purporting to be issued by a corporation might sustain an indictment for forgery though the names signed as officers of the corporation were entirely different from those of the actual officers. United States vs. Turner, 7 Peters U. S. 132.

It is the intent to deceive, coupled with the possibility of success in deceiving, that make up the offense. It does not follow that the

State vs. Gryder.

person defrauded knows the handwriting or signature of the party purporting to be the author or would be able to detect the grossest defects of imitation.

The *second* ground of objection was overruled by the judge *a quo* for the reasons that "the document did not differ so materially from the one set out in the indictment as to exclude it. The previous evidence showed that defendant had presented the document to Bridgman and had stated that it was written by Mr. Gandy. The case had been twice tried before and defendant could not possibly have been surprised."

We are satisfied that the framer of the indictment intended to transcribe this document as best he could from its illegible chirography. He interpreted the characters making up the signature as meaning J. A. Gandy, and, as heretofore intimated, they are susceptible of that reading from the conformation of the letters "o" and "j."

As Mr. Wharton says, on the subject of such variances, "the great rigor of the old English law in this respect was one of the consequences of the barbarous severity of the punishment imposed. A more humane system of punishment was followed by a more rational system of pleading." Immaterial variances resulting from clerical inaccuracies in transcribing and misspelling even of the name forged are no longer necessarily fatal. Whart. Cr. Pl. and Pr., Secs. 173, 273; Wharton Cr. Ev., Sec. 114.

Thus where the name McNicoll, signed to a forged instrument, was set out in the indictment as McNicole, it was held no variance. R. vs. Wilson, 2 C. and K. 527.

The object of requiring the forged instrument to be set out in the indictment is twofold. (1) To enable the judge to determine from its face whether it is, by its nature, a proper subject of forgery. (2) To advise the defendant of the precise offense charged and to save him from surprise. The first object is clearly satisfied, and considering that defendant had had a prior trial under this indictment in which the same instrument was offered in evidence, it seems to us he was fully advised as to what he was to meet and could suffer no surprise from the variance charged.

There is another bill of exceptions to the judge's charge, but under the judge's statement appended to the bill the complaint against the charge is robbed of all force.

Judgment affirmed.