### SMITH v KNAPP

Ohio Appeals, 1st Dist, Hamilton Co

No 4401. Decided Nov 27, 1933

W. S. Little, Cincinnati, M. F. Little, Cincinnati, and Robert M. Wair, for plaintiff in error.

Fred Weiland, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

It is suggested that the only question in the case was one of agency, and this was the question upon which the trial court decided for the defendant. The main facts on which the question of agency seems to have arisen was that William Knapp and his wife were not friendly; that prior to

the time of the furnishing of the work and labor, for which suit is brought, Knapp had moved his factory to Lawrenceburg, Indiana. He was a carriage maker. At that time he owned a fee in two buildings in Cincinnati. The evidence discloses that he was away from early morning until late at night, and that he turned the two buildings over to his wife, without deeding them to her, for her use and benefit; she to collect the rents and assume all payments for operation and repairs. The removal by Knapp of his factory to Lawrenceburg was in 1921 or 1922. During the following years, Mrs. Knapp had certain work done and paid the bills and collected the rents. Smith did some work for her on the buildings, and Mrs. Knapp always paid him with her own checks. He testifies he never made any contracts with Knapp personally, but always with his wife.

The work and materials for which the suit is brought is on the contract of Mrs. Knapp in 1929. She had paid with her own checks part of the account, leaving a balance of $1594.52, and she executed the notes therefor, which the plaintiff alleged to have received, as set forth in the original petition.

Smith negotiated some or all of the notes, which would indicate an acceptance of the notes in payment of the account. The trial court found that Mrs. Knapp was not acting as the agent for Knapp and at the time was not so considered by Smith, and as no agency existed there could be no liability against the defendant, William Knapp, and thereupon rendered judgment for William Knapp. We are asked to reverse the judgment on the ground that an implied agency was shown.

While there would seem to be circumstances, as disclosed by the bill of exceptions, tending to support a claim of implied agency, there was strong evidence to the contrary. To reverse on this point, we would have to find the judgment was manifestly against the weight of the evidence. This, we do not find in this case, and under the evidence the court was justified in finding the agency did not exist, but that Mrs. Knapp was the principal. If the trial court had not so found, it would have still been bound to render judgment for the defendant. While it is the law that a note given for an account does not extinguish or discharge the account, unless such is the express agreement of the parties, there is strong evidence tending to support the proposition that the notes were accepted in discharge of the account, and that they were not given merely for the purpose of

extending the time of payment, since Smith negotiated some of the notes and some of them were paid. Moreover, in order to maintain the action upon the account, it was incumbent upon the plaintiff to have the contract extending the time of payment annulled or rescinded, and return the notes. This, the plaintiff did not do. He neither sought to rescind the contract, extending the time of payment, as represented by the notes, nor did he at any time return the notes, which he might have done. In this situation he was not entitled to maintain the suit on the account, and the trial court would have been justified in rendering judgment for the defendant for this additional reason.

The judgment of the Court of Common Pleas is affirmed.

CUSHING and ROSS, JJ, concur.