25472.  EUNICE *v.* NEWTON.

DECIDED DECEMBER 5, 1936.

*Donald H. Fraser,* for plaintiff in error.

*J. F. Jackson, W. C. Little,* contra.

MacINTYRE, J.  J. C. Newton, who recites in his petition that he is the transferee and assignee from the administrator of the estate of J. B. Newton of a certain contract of sale of real estate made by J. B. Newton to G. B. Eunice, brings suit alleging that Eunice is indebted to him for "the balance due on the purchase-price of certain real property," said property being described in a certain contract of purchase attached to the petition. This contract, entered into between J. B. Newton and G. B. Eunice, is in effect a bond for title to described real estate, and provides that the consideration for the conveyance of title is $1800. The terms of the payments are then set out, and the contract declares that for which "said deferred payments the said party of the second part [Eunice] has given promissory notes;" said notes being described. On the trial the plaintiff failed to introduce any of said notes or to account in any way for their non-production. The petition having alleged that the purchase-price was evidenced by notes signed by the defendant, no recovery may be had against him for such purchase-price without producing the notes themselves or accounting for their non-production. It is true that the giving of the notes does not extinguish the indebtedness for the purchase-price, unless the notes themselves are paid; "but as a condition precedent to final judgment, either upon the account or the lien, the note must be surrendered to the maker, or accounted for by showing that it was not in any event enforceable against him." *Belmont Farm* v. *Dobbs Hardware Co., 124 Ga.* 827 (53 S. E. 312) ; *Glisson* v. *Heggie, 105 Ga.* 30 (31 S. E. 118) ; *Standard Cooperage Co.* v. *O'Neill, 146 Ga.* 236 (91 S. E. 82) ; *Brooks* v. *Jackins, 38 Ga. App.* 57 (2) (142 S. E. 574). For this reason we think the plaintiff failed to carry the burden, and a verdict in his favor was without evidence to support it.

The defendant answered that he had paid the notes, and offered in evidence certain notes which corresponded in date, due dates,

amounts, maker, and payee, with those described in the contract of purchase. Irrespective of whether the defendant might testify as to any transaction with J. B. Newton, deceased, such notes were admissible for consideration by the jury, their genuineness or relation to the transaction being a matter for the jury's determination. This is so decided in the event the plaintiff in another trial of this case produces or accounts for the notes described in the contract of purchase. There was no evidence to support a verdict for the plaintiff, and the court erred in overruling the general grounds of the motion for new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*