## 26079. UPCHURCH *v.* CARROLL FURNITURE COMPANY.

DECIDED JUNE 11, 1937. REHEARING DENIED JUNE 18, 1937.

*J. C. Bowden, J. Wightman Bowden,* for plaintiff in error.
*Tidwell & Brown,* contra.

FELTON, J. Carroll Furniture Company brought a trover suit against Miss Ella Upchurch to recover certain personal property, title to which was alleged to be in Carroll Furniture Company under a written retention-of-title contract. The defendant proved that Carroll Furniture Company had brought a previous suit against the defendant, in assumpsit on open account, for the purchase-price of the goods sought to be recovered in the trover action, which action was not based on the written contract, and in which case the contract was not introduced in evidence, and had obtained a judgment therein and had attempted to have the execution levied on the property. Defendant contended that the suit on open account was such an inconsistent remedy as barred the subsequent trover action. That is the question to be decided.

It is elementary that where property is converted into money or its equivalent the tort may be waived and an action in assumpsit maintained. Where the property was acquired under a contract, the tort may be waived and an action in assumpsit maintained even though the property has not been converted into cash or its equivalent. *Kirkpatrick Hardware Co.* v. *Hamlet, 20 Ga. App.* 719 (4) (93 S. E. 226). In this case, the contracts retained title to the property sold and contained a promise to pay therefor, and we are of the opinion that a suit on an implied contract was an

abandonment and rescission of the written contracts. The two actions have entirely different bases. The written contracts were under seal, were founded on a consideration and an express promise in connection with which title was retained in the plaintiff. The assumpsit is based on an implied promise to pay, and presupposes the passage of the title into the defendant. While not entirely analogous, the case of *McAndrew* v. *Irish American Bank,* 117 *Ga.* 510 (43 S. E. 858), seems to us to furnish ample authority for this conclusion. It was held in *Mitchell* v. *Castlen,* 5 *Ga. App.* 134 (62 S. E. 731), that the foreclosure of a paper as a mortgage which contained a mortgage and a retention-of-title contract was a bar to a subsequent trover action.

While it is true that one may obtain a judgment on a written contract for the purchase-price of goods and also bring trover for the goods (*Goldsmith-Leslie Co.* v. *Whitehead,* 41 *Ga. App.* 287, 152 S. E. 589; *Jones* v. *Snider,* 99 *Ga.* 276, 25 S. E. 668; *Moon* v. *Wright,* 12 *Ga. App.* 659 (2), 78 S. E. 141), the facts in this case present an entirely different situation. There is nothing inconsistent about obtaining a judgment in a suit on a purchase-money contract and instituting a trover suit based on the same contract. In that situation there is not only not an abandonment of title but an affirmance of it. In the instant case the company had an express promise and a retention of title, but elected to rely on an implied promise based on the proposition that the title to the goods had passed to the defendant. Certainly it can not be said that the company could enter another suit on the contracts for the purchase-price after it had obtained a judgment in the suit on open account; and we do not think a trover suit based on the contract would lie under the facts. By bringing the action in assumpsit the company rescinded the written contract, and by having elected an inconsistent remedy which resulted in a valid judgment against the defendant precluded itself from the right to proceed in trover. *Eunice* v. *Newton,* 54 *Ga. App.* 799 (189 S. E. 385). Accordingly, it was error for the judge of the superior court to overrule the certiorari assigning error on a judgment of the municipal court of Atlanta.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., dissents.*