SANDERS, Justice.
 

 This case presents for decision the novel question of whether a husband is liable to a subsequent indorsee of a negotiable promissory note issued by his wife in connection with the purchase of two air conditioners installed in the family residence.
 

 On July 8, 1959, Mary Abbott Robitcheck, wife of Fred Robitcheck, made and issued a negotiable promissory note to the order of Riverside Stores. Issued for a portion of the purchase price of two residential air conditioners, the note was in the principal sum of $706.80, with 8% per annum interest from maturity and 20% attorney’s fees for collection. On the lower left side of the note was a brief description (by serial number) of the two air conditioning units. For a valuable consideration, Riverside Stores endorsed the note without recourse to the order of Columbia Finance Corporation, the plaintiff herein.
 

 
 *1087
 
 Upon default of payment, Columbia Finance Corporation instituted this action against both the maker, Mary Abbott Robitcheck, and her husband, Fred Robitcheck. The petition alleged that the plaintiff is a holder in due course of the promissory note, annexed to the petition, made and signed by Mrs. Robitcheck. With further reference to the husband’s liability, it alleged:
 

 “ * * * the amount herein sued for represents and is a debt of the community which existed between the defendants herein on or about July 8, 1959, for the reason that defendant, Mrs. Mary Abbott Robitcheck, made a certain downpayment on the purchase of two Fedders Air Condition Units and for the balance of the purchase price did execute and sign the above described note; that said air condition units were sold to the defendant, Mrs. Mary Abbott Robitcheck and delivered to the home of the defendants herein as part of the community of acquets and gains existing between them; that the said defendant, Fred Robitcheck, did accept the aforesaid air condition units, permitted the same to be installed in his home and thereafter enjoyed the use of same; and that therefore, as head and master of the community, he is liable insólido with his wife, Mrs. Mary Abbott Robitcheck, for the full amount due herein.”
 

 It also alleged that the defendants have made no payments on the note despite demand.
 

 The prayer was for a solidary judgment against the two defendants for the principal amount of the note, interest, attorney’s fees, and costs; and for all such relief as law, equity and the nature of the case may permit.
 

 To the petition, Fred Robitcheck filed exceptions of no right and no cause of action. He likewise filo»! an answer denying liability and a reconventional demand for damages against Columbia Finance Corporation. The reconventional demand was based upon alleged invasion of privacy and slander in a telephone call by an employee of the Columbia Finance Corporation to Robitcheck’s employer to verify his employment and ascertain the employer’s policy toward garnishments.
 

 The case came to trial on the merits without a ruling on the exceptions. After trial, the district court rendered a solidary judgment against both defendants as prayed for. The judgment against the wife was by default. The court rejected the reconventional demand.
 

 The defendant, Fred Robitcheck, appealed.
 

 The Court of Appeal found from the evidence that the husband did not originally authorize the purchase of the air conditioners. However, they were installed in
 
 *1089
 
 the family residence in his presence and with his approval. He made no protest to Riverside Stores. The air conditioners were used in the family residence for a period of 30 days. Thereafter, the husband and wife separated. On these facts, the court held that the husband had ratified the purchase and was liable for the purchase price as head and master of the community. It amended the judgment by disallowing the 20% attorney’s fees and reducing the interest from the contractual 8% to the legal rate of 5%, but otherwise affirmed the judgment.
 
 [1]
 

 Upon application of the defendant husband, we granted certiorari to review the judgment of the Court of Appeal.
 

 In this Court, Columbia Finance Corporation does not contend that the husband authorized the purchase or that he is liable
 
 on
 
 the note. The plaintiff’s basic contention is that Robitcheck is liable
 
 for
 
 the note. In essence, it seeks to enforce the rights of the creditor against the husband on the original obligation.
 

 The defendant husband contends that under the petition, Columbia Finance Corporation sues as a holder in due course upon the note signed only by his wife. Hence, he is not liable. He relies upon LSA-R.S. 7:18, which provides that no person is liable on a negotiable instrument whose signature does not appear thereon. 'Additionally, he contends that the subsequent holder of the note cannot assert the rights of the vendor-payee on the original obligation.
 

 For the purpose of review, we adopt the finding of fact made by the Court of Appeal. We assume that the husband incurred liability to Riverside Stores for the purchase price of the air conditioners in connection with the original sale.
 

 Based upon a technical construction of the pleadings, the defendant strenuously contends that the action is one upon the note. However, the liberal rule of pleading prevails in this state. It is well established that a pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice.
 
 [2]
 
 Hence, we look to the substance of the demand.
 

 The petition contains no allegation, nor does the evidence disclose, that Columbia acquired any assignment of rights apart from the negotiation of the note itself. While the note bears a brief description of the air conditioners for which it was given, the description was on the note at the time of issuance. It does not reflect a special, or additional, assignment of the rights of the vendor-payee against the husband on the original debt. Moreover, Col
 
 *1091
 
 umbia’s assistant manager testified that he had no knowledge of a ratification of the purchase by the husband at the time the note was delivered.
 

 We are aware of the rule that permits an original creditor to disregard a promissory note and sue upon the original obligation, contractual or quasi-contractual.
 
 [3]
 

 Historically, such an action required the rejection and surrender of the note for cancellation. Recovery was denied to those who did not surrender the note or account for it.
 
 [4]
 

 While there is some authority to the contrary, we are convinced that the sounder view is that an action on the original obligation is not available to a subsequent indorsee, or remote holder, of a negotiable promissory note.
 
 [5]
 

 Unlike the original creditor, a remote holder has no juridical relation to the debt- or independent of the note. It makes its contract solely with the parties who appear on the instrument to be bound for its payment. All of the rights of such a holder arise from the negotiation of the note.
 

 The principle applicable here was considered by this Court in Union National Bank of New Orleans v. Forstall, et al., 41 La.Ann. 113, 6 So. 32, prior to the enactment of the Negotiable • Instruments Law. In rejecting the demand of a transferee of a promissory note against non-signatory parties based upon quasi-contract, the Court stated:
 

 “It is difficult to understand what right the bank has to set up any claim against these minors. Her suit is upon negotiable promissory notes. She propounds no rights except such as are based on her being holder and owner of said notes. She never had any dealings with the minors or with any person professing or purporting to represent them. They are, as to her, perfect strangers. * * * All that is claimed is, that’ after the notes were executed, the money received therefrom was used for the benefit of the minors
 
 *1093
 
 and their property. What concern has the bank, as subsequent holder of these notes, with the disposition of these proceeds ?”
 

 In the instant case, neither the pleadings nor evidence reflect any juridical relation between Columbia Finance Corporation and Fred Robitcheck apart from the negotiation of the promissory note. The negotiation and holding of the note form an essential basis for the plaintiff’s demand. Hence, the Negotiable Instruments Law, which governs the rights and obligations arising from the transfer of such instruments, is applicable.
 

 LSA-R.S. 7:18 provides:
 

 “No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name.”
 

 The sweeping language of this section makes it clear that, with certain minor exceptions not pertinent here, only those whose signatures appear on a negotiable instrument incur any liability on it.
 
 [6]
 
 The section is designed to make readily ascertainable the parties whose promises determine the value of the instrument.
 

 The plaintiff strenuously contends, however, that the present action should be equated to that by a holder of a negotiable instrument upon an accessory security device. As we view it, the-obligation of the husband was in no sense a security device. We find no merit in this .contention.
 

 To sustain the liability of the defendant husband, the plaintiff relies principally upon Standard Manufacturing Co. v. Dupuis, 6 La.App. 476. Inasmuch as that suit was by the original creditor, it has no application to the instant case.
 

 We conclude that the defendant, Fred Robitcheck, is not liable to the plaintiff.
 

 Remaining for consideration is the reconventional demand of Fred Robitcheck against Columbia. This demand is based upon alleged invasion of privacy and slander in a telephone call by an employee of Columbia to the employer of Fred Robitcheck. The record reflects that the call was a routine one to verify employment and ascertain the policy of the employer toward garnishments. We find no evidence in the record that Robitcheck sustained any loss, injury, or damage as a result of the call. We conclude, as did the Court of Appeal, that the plaintiff in reconvention has not sustained the demand.
 

 
 *1095
 
 For the reasons assigned, the judgment of the Court of Appeal against the defendant, Fred Robitcheck, is reversed and set aside; and in all other respects, it is affirmed. All costs of court as between the plaintiff and this defendant are assessed against the plaintiff.
 

 [1]
 

 . La.App., 142 So.2d 625.
 

 [2]
 

 . Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776, and the authorities therein cited. See also 10 Tulane Law Review 146-147.
 

 [3]
 

 . La Salle Extension University v. Thibodeaux, La.App., 155 So. 53; Lander State Bank v. Nottingham, 37 Wyo. 50, 259 P. 181; 10 C.J.S. Bills and Notes § 526, p. 1155; Britton, Bills and Notes (2nd ed.), § 167, p. 498; 2 Mechem on Agency (2nd ed.), § 1736, pp. 1319-1320. The rule, of course, does not applv when the note constitutes an absolute payment or novation of the original debt.
 

 [4]
 

 . Hotchkiss v. James, Ohio App., 65 N.E. 2d 161; Smith v. Knapp, 47 Ohio 232, 191 N.E. 807; Lander State Bank v. Nottingham, 37 Wyo. 50, 259 P. 181; Eunice v. Newton, 54 Ga.App. 799, 189 S.E. 385; Annotation, 85 A.L.R. 1057; 10 C.J.S. Bills and Notes § 526, pp. 1155-1156, § 528, p. 1160.
 

 [5]
 

 . See Union National Bank of New Orleans v. Forstall et al., 41 La.Ann. 113, 6 So. 32; 10 C.J.S. Bills and Notes § 526, pp. 1155-1156; 8 Am.Jur., Bills and Notes, § 340, pp. 75-76; Annotation, 11 A.L.R. 449; 2 Mechem on Agency (2nd ed.), § 1736, pp. 1319-1320; Bigelow, The Law of Bills, Notes, and Checks (3rd ed.), § 168, p. 110 (footnote 1).
 

 [6]
 

 . Personal Finance, Inc. v. Simms, La. App., 123 So.2d 646; Lady v. Thomas, 38 Cal.App.2d 688, 102 P.2d 396; 8 Am.Jur., Bills and Notes, § 447, p. 199; Beutel’s Brannan Negotiable Instruments Law, (7th ed.), pp. 402—406; Britton on Bills and Notes, (2nd ed.), § 167, p. 498.