LANDRY, Judge
(dissenting).
I believe the majority have erred in relying upon Standard Manufacturing Co. v. *72 Dupuis, 6 La.App. 476 (1927), as authority for the rule that a husband may be held personally liable on a note signed only by his wife. Dupuis, above, acknowledges that as a general rule only signatories to a note may be sued thereon but that an exception to the rule permits a husband to be sued FOR THE NOTE in those instances where the husband is liable for an obligation as head and master of the marital community. It is noteworthy that Dupuis cites no authority for the principle therein expounded.
It would appear at first glance that Columbia Finance Corporation v. Robitcheck, 243 La. 1084, 150 So.2d 23, confirms Dupuis, above. I find that a close scrutiny of Robitcheck discloses that in effect it reverses Dupuis. In Robitcheck, above, a third party holder in due course sued defendant husband and wife on a note signed by the wife alone incident to the purchase of two air conditioners installed in the family residence with the husband’s consent and approval. The Court of Appeal held the husband liable on the ground that in ratifying and accepting the benefits of the transaction, he became liable on the note pursuant to his obligations as head and master of the community.
The Supreme Court granted certiorari and reversed the Court of Appeal. The opinion of the Supreme Court assumes “that the husband incurred liability to Riverside Stores for the purchase price of the air conditioners in connection with the original sale.” In considering whether a non-signatory may be held on a note, the Supreme Court noted that the jurisprudence permits an original creditor to disregard a promissory note and sue upon the underlying obligation, contractual or quasi-contractual. The court further noted that historically the original creditor was required to reject and surrender the noté for cancellation, and that recovery was denied creditors who did not surrender or account for the note.
Next the court noted that a remote holder has no legal relationship to the debtor independently of the note and that the contract of such holders is solely with the signatories to the instrument. Citing LSA-R.S. 7:18, the court held that the general rule established by our Negotiable Instruments Law is that only signatories to a note may be sued thereon, to which rule there are no exceptions save those expressly provided for by the Negotiable Instruments Law. The court then notes that the “sweeping language of Section 7:18 makes it clear that with certain minor exceptions, not here pertinent, only those whose signatures appear on a negotiable instrument incur any liability on it.”
Finding that the original creditor had not conveyed or assigned the underlying obligation to plaintiff, the court concluded plaintiff had no right to proceed against the husband on the note and neither did it have any right to judgment against the husband on the underlying obligation. The court likewise rejected the contention that the husband was liable in the sense that his obligation in such matters is the equivalent of a security device enabling the holder of the note to proceed as on an accessory security device. In conclusion, the court distinguished Dupuis, above, on the ground that the cited authority involved suit by an original creditor. Apparently this distinction has led the majority to consider that Robit-check affirms Dupuis and allows an original creditor to sue on the note.
In my judgment, the error of the majority lies in overlooking the salient language in Robitcheck to the unmistakable effect that not even the original creditor can recover on the note, but is relegated to suit on the underlying obligation if he surrenders the note. Dupuis must be deemed to have been overruled since it clearly holds to the contrary. Here the creditor has not only failed to surrender the note, but also insists in suing upon it. Under the holding in Robitcheck that the creditor must reject the note in order to recover on the underlying obligation, plaintiff’s suit should be dismissed in toto.
I dissent.