BOUTALL, Judge.
This is an appeal from a judgment maintaining exceptions of no right or cause of action.
Petitioner, Gentilly Ornamental Iron Works, Inc., filed suit against Edward W. Hawkins, Jr., and Mrs. Edward W. Hawkins, Jr., based upon a promissory note in the amount of $3,971.04, seeking to recover the unpaid balance thereon plus attorney’s fees and interest as provided in the said note, together with an insurance premium, for a total sum of $2,557.91. Petitioner alleges: that it is the holder in due course of the note; that the defendant, Edward W. Hawkins, Jr., was the maker of the note and that petitioner was the endorser on said note; that defendant made only 10 payments on the note, and the note was placed in default; that thereafter petitioner paid the balance due on the note plus the other items mentioned above.
To this petition Edward W. Hawkins, Jr., filed an exception of no right or cause of action and later filed an exception of vagueness. Mrs. Hawkins filed an exception of no right or cause of action. Trial was had on the exceptions of no right or cause of action. The trial court maintained the exceptions, hence this appeal.
The peremptory exceptions filed by the defendants are both based on a common ground, that is, that plaintiff is not a holder in due course, and that reference to the note sued upon shows on its face that, while plaintiff did indeed sign as an endorser or guarantor on the note, that the last endorsement thereon shows an en *636 dorsement “pay to the order of Mrs. Virginia M. Nicholis without representation, warranty or recourse’’ by the Hibernia National Bank in New Orleans, the original holder thereof. As an additional ground, Mrs. Edward W. Hawkins, Jr., asserts that she did not sign the note, nor does she appear on the note in any fashion, and cannot be held responsible for its payment.
We agree with the exceptors contentions. Petitioner cannot be a holder in due course under the facts related in the petition and based upon the promissory note itself which was attached thereto. The note clearly shows that the last holder on its face is Mrs. Virginia M. Nicholis and there is no showing how the plaintiff became the holder thereof.
In connection with the additional ground of exception argued by Mrs. Hawkins, we note that the petition contains no allegation whatever as to any facts which may make her responsible for the note, and that her signature does not appear on the note in any fashion. In argument, we are informed that Mrs. Hawkins is the wife of Edward Hawkins, and that the note arose as a result of a community obligation.
Louisiana’s Negotiable Instruments Law, and in particular LSA-R.S. 7:18 provides as follows:
“§ 18. Persons not liable; signature in trade or assumed name
No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name.”
The exceptions provided are not pertinent to this case.
In the case of Personal Finance, Inc. v. Simms, 123 So.2d 646 (La.App. 1st Cir., 1960), the court considered a factually similar problem and clearly held that the wife is not responsible. This principle is followed in the case of Midland Discount Company v. Robichaux, 184 So.2d 93 (La.App. 4th Cir., 1966). Similarly, the Louisiana Supreme Court has held that LSA-R.S. 7:18 also applied to a husband who did not sign. Columbia Finance Corporation v. Robitcheck, 243 La. 1084, 150 So.2d 23 (1963).
For the foregoing reasons we are of the opinion that the trial judge properly maintained the exceptions of no right or cause of action in this case, however, we note that the judgment is silent as to whether the case should be dismissed or whether amendment of the petition should be permitted. LSA-C.C.P. art. 934 reads as follows : •
“Art. 934. Effect of sustaining peremptory exception
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
In argument before us, counsel for appellant argues that the exception of vagueness filed below should have been first entertained, and that he be permitted to amend his petition upon the maintaining of such an exception. Alternatively, he argues that he should be permitted to amend his petition because of the ruling on the exception on the no right or cause of action. Insofar as the exception of Mrs. Hawkins is concerned, we are unaware that any of the factual situations presented in argument to us could cause liability on the promissory note. There being no reasonable amendment foreseen, the suit against Mrs. Hawkins should be dismissed.
Insofar as Mr. Hawkins is concerned, since he was the original maker of the *637 note, it is possible that there are allegations to support the proposition that plaintiff is in fact a holder of the note, although obviously he could not be a holder in due course, and so in an abundance of precaution, we should permit plaintiff to amend, if he is able to do so.
Accordingly, it is ordered that the judgment in favor of Mrs. Edward W. Hawkins, Jr., maintaining her exception of no right or cause of action is affirmed and the suit against her is dismissed at plaintiff’s cost. It is further ordered that the judgment in favor of Edward W. Hawkins, Jr., maintaining his exceptions of no right or cause of action is affirmed, and that plaintiff be granted ten (10) days from the effective date of this judgment to amend its petition to state a cause of action, otherwise, the suit against him shall be dismissed at plaintiff’s cost.
Amended in part; and affirmed.