272 So.2d 411 (1973)
NATIONAL BANK OF BOSSIER CITY, Plaintiff-Appellant,
v.
Rodney FORNEA et al., Defendants-Appellees.
No. 11990.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1973.
Rehearing Denied February 6, 1973.
Writ Refused March 1, 1973.
Skeels, Baker & Coleman, by Ben E. Coleman, Shreveport, for plaintiff-appellant.
Henry Newton Brown, Jr., Bossier City, for defendants-appellees.
Before BOLIN, HEARD and HALL, JJ.
En Banc. Rehearing Denied February 6, 1973.
BOLIN, Judge.
The National Bank of Bossier City, Louisiana, sued Rodney Fornea and his wife, Ruby Fornea, for $1315.19, allegedly due plaintiff on three checks drawn by defendant Ruby Fornea on a joint account in a Baton Rouge bank, which checks were returned to plaintiff for lack of sufficient funds. From judgment in favor of plaintiff against Ruby Fornea but rejecting *412 plaintiff's demands against Rodney Fornea, plaintiff appeals. Ruby Fornea has not appealed and, consequently, her liability to the bank is not at issue here. Rodney Fornea also filed a reconventional demand and a third-party demand against Mrs. Fornea, both of which were rejected and, since he has neither appealed nor answered the appeal, these issues are not before us. For reasons to be assigned we affirm the judgment.
At the time of the transactions upon which this suit is based defendants, husband and wife, maintained a joint bank account at the Louisiana National Bank in Baton Rouge in the name of Mr. or Mrs. Rodney Fornea. Ruby Fornea also had an account in her own name at the National Bank of Bossier City, where the couple resided until their separation. Between June 2 and June 9, 1971, Mrs. Fornea wrote three checks drawn on the Louisiana National Bank payable to her own order, endorsed by her and deposited to her own account in the plaintiff bank. During the same period she made withdrawals and wrote checks on her account in the National Bank of Bossier City, for which she received cash, leaving a balance of $114.01 in the account. The three checks totaling $1,430 were returned by the Louisiana National Bank in Baton Rouge marked "N.S.F.". As soon as the checks were returned to plaintiff bank the account was closed by the bank and a final statement was rendered showing an overdraft of $1315.99, the amount for which this suit was brought.
Mrs. Fornea testified her husband had authorized her to draw up to $2,500 from the Baton Rouge account; that he knew of her personal account in the Bossier bank; that the funds obtained from plaintiff-appellant were obtained with his knowledge and consent and that these funds were used to pay community bills.
Rodney Fornea denied he gave his wife authority to draw $2,500 from their joint account or that he knew of the withdrawal; further, he denied the funds were used for community purposes. Additionally, he testified that at no time was there more than $200 in the joint bank account. When Rodney Fornea learned of the checks which were returned he closed the account in the Baton Rouge bank and filed a suit for separation on June 17, 1971. He testified his wife left the matrimonial domicile on June 1, 1971, and he did not know her whereabouts; as a consequence he had a curator ad hoc appointed to represent her in his suit for separation, which was granted July 15, 1971.
In his written reasons for judgment the trial judge made the following findings:
"Obviously, the plaintiff is entitled to judgment against its customer, Ruby Fornea. We are not satisfied, however, that Mr. Fornea authorized his wife to act for him or that the funds obtained by his wife from the plaintiff were obtained with his knowledge or consent or that they were used to enrich the community of acquets and gains existing between the parties. In fact it appears more likely that the couple were not residing in community at the time and that the wife acted in bad faith for the purpose of enriching herself."
Appellant contends the trial judge erred in the above findings and that this court should determine anew the question of whether Rodney Fornea authorized his wife to act for him in obtaining the funds, or whether they were obtained with his knowledge and consent, citing Louisiana Civil Code Article 1787; and, further, whether the funds were used to enrich the community of acquets and gains existing between them, for which the husband would be liable, citing Louisiana Civil Code Article 2404. Alternatively, it urges the equitable proposition that where two innocent parties must suffer because of the actions of a third party, the one whose negligence or conduct occasioned the loss should bear the loss.
Initially, we observe the original and supplemental petitions make it evident the bank is suing on the checks and not on a community *413 obligation although testimony was elicted from Mrs. Fornea that some, if not all, of the funds were used to pay community obligations. However, no extrinsic evidence was introduced to substantiate this testimony nor did the trial judge accept the unsupported statements as sufficient proof of payment.
Relative to the liability for the payment of the checks we find the Negotiable Instruments Law, Louisiana Revised Statute 7:18, provides:
"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."
In view of this precise language in the statute, Mr. Fornea cannot technically be held liable on the checks, since he neither signed the negotiable instruments nor does he come within the specific exceptions provided.
We have been cited to no case exactly in point although we think two Louisiana cases dealing with the liability of the husband on notes signed solely by the wife, are applicable to this case involving negotiable checks.
In Columbia Finance Corporation v. Robitcheck, 243 La. 1084, 150 So.2d 23 (1963), the defendant strenuously contended that, based upon a technical construction of pleadings, the action was one upon the note. The court, in discussing the applicability of Louisiana Revised Statute 7:18 to the suit against the husband and wife on a note signed only by the wife had this to say:
"The sweeping language of this section makes it clear that, with certain minor exceptions not pertinent here, only those whose signatures appear on a negotiable instrument incur any liability on it. The section is designed to make readily ascertainable the parties whose promises determine the value of the instrument."
However, the court further stated that under the liberal rules of pleading prevailing in this state the courts should look to the substance of the demand and the pleadings must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice. During the course of the opinion the court observed it was aware of the rule that permits an original creditor to disregard a promissory note [negotiable instrument] and sue upon the original obligation, contractual or quasi-contractual, but since the suit was brought by an endorsee of the original note and not by the original creditor, the husband had no quasi-contractual liability to plaintiff.
The above rule stems from the doctrine of unjust enrichment and, as stated in Nationwide Finance Company of Gretna, Inc. v. Pitre (La.App. 4th Cir. 1971) 243 So.2d 326, for this doctrine to apply "there must not only be an enrichment of one person [the community] and the impoverishment of another, but also an absence of legal cause for the enrichment of one at the expense of the other." In conclusion the court held in Nationwide that although plaintiff could not recover against defendant husband on a note [negotiable instrument] signed by his wife, it could recover to the extent the evidence proved the money obtained by her was applied to the payment of two specific community accounts, but that the proof of payment of other creditors was insufficient to warrant recovery on other accounts.
In view of our previous discussion of the quoted statute and cases, we find it unnecessary to comment further on appellant's contentions. We find that since appellee did not sign the checks sued upon he is not technically liable on the checks. We further hold appellee is not liable on any underlying community obligation since we find, as did the trial judge, the evidence is insufficient to show the appellee authorized *414 his wife to act for him or that the money obtained by Mrs. Fornea was obtained with his knowledge or consent or was used to pay community obligations.
For the reasons assigned the judgment appealed from is affirmed and appellant is assessed with costs of this appeal.