491 So.2d 1337 (1986)
STATE of Louisiana
v.
Sherman WASHINGTON.
No. 85-KP-2339.
Supreme Court of Louisiana.
July 18, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael McMahon, Gerry Deegan, Asst. Dist. Attys., for plaintiff-respondent.
Elizabeth W. Cole, Supervising Atty., Richard J. Serpe, Student Atty., for defendant-applicant.
DENNIS, Justice.[*]
This is a proceeding for post conviction relief. La.Code Crim.Proc. arts. 924 et seq. Petitioner attacks a 1979 guilty plea as being involuntary due to ineffective assistance of counsel.
*1338 As a result of his 1979 plea to a charge of forgery, he was sentenced to three years imprisonment at hard labor. His sentence was suspended, and he was placed on supervised probation. Because of violations of conditions that he maintain approved employment, report to probation officers and make restitution of $55.95, his probation was revoked in 1985, and his three year hard labor sentence was made executory.[1]
Because Washington clearly received ineffective assistance of counsel in entering his guilty plea under even minimal federal constitutional standards, it is unnecessary to consider whether state or other federal safeguards were also breached.[2]
Washington was employed as a janitor by the Louisiana State University Medical Center in New Orleans. One evening in October 1979 he found a blank check of the L.S.U. Urology Alumni Fund in a trash can. He partially filled it out payable to his order in the amount of $55.95 for "maintenance work." However, he left the signature line blank. At a grocery store, he endorsed it with his name on the back and attempted to cash the check. The store owner refused to cash the check until it "cleared." Defendant left the check with the store owner, receiving nothing in return, and never went back. The store owner endorsed the check to a local bakery, which deposited it to its account at Whitney Bank. It is not clear from the record whether the check was ever forwarded to Hibernia Bank, the drawee bank. Therefore, it is improbable that anyone was damaged by Washington's incomplete subterfuge.
In Hill v. Lockhart, ___U.S.___,106 S.Ct. 366, 88 L.Ed.2d 203 (1985) the United States Supreme Court held:
Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).
* * * * * *
Two Terms ago, in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we adopted a two-part standard for evaluating claims of ineffective assistance of counsel. There, citing McMann, we reiterated that "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id., at 687-688, 104 S.Ct., at 2065. We also held, however, that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694, 104 S.Ct., at 2068. This additional "prejudice" requirement was based on our conclusion that "[a]n error by counsel even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., at 691, 104 S.Ct., at 2067.

* * * * * *
We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)], supra, and McMann v. Richardson, supra. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the *1339 plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. [Several Courts of Appeals have adopted this general approach. See Thomas v. Lockhart, 738 F.2d 304, 307 (CA8 1984); accord, United States v. Gavilan, 761 F.2d 226, 228 (CA5 1985); Beans v. Black, 757 F.2d 933, 936-937 (CA8 1985); Mitchell v. Scully, 746 F.2d 951, 957 (CA2 1984); Evans v. Meyer, 742 F.2d 371, 374-375 (CA7 1984) (Footnote in original)]. 106 S.Ct. at 369-71 (emphasis added).
In the present case the error of counsel consisted of his failure to grasp the very real possibility that Washington was guilty of only attempted forgery or attempted theft and to so advise his client. The bill of information accused Washington of committing forgery with a check which was "not signed." The check, in fact, had not been signed. Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy. La.R.S. 14:72. Accordingly, to convict a defendant of forgery, the prosecution must prove, inter alia, that the altered or fabricated writing in question purported to have legal efficacy. Thus, it is possible to defend against a forgery prosecution on the ground that the instrument allegedly forged did not purport to have legal effect as a bill, check, note or other particular type of legally binding instrument. See Poe v. People, 163 Colo. 20, 428 P.2d 77 (1967); Wall's Case, 2 East P.C. 953 (1800); Annot. 174 A.L.R. 1300 (1948); Model Penal Code and Commentaries § 224.1 (1980); 36 Am.Jur.2d §§ 24, 25. Such a defense appeared to exist in this case. The instrument had no legal effect as to the ostensible drawer, the LSU Urology Alumni Fund, because it was not even purportedly signed by that party. No person is liable on an instrument unless his signature appears thereon. La.R.S. 10:3-401; see Columbia Finance Corporation v. Robitcheck, 243 La. 1084, 150 So.2d 23 (1963). Counsel's failure to recognize this evident defense and his failure to explore this glaring weakness in the state's forgery case against Washington before allowing him to plead was not assistance "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, supra.
Counsel was probably also ineffective because of his failure to advise his client of his right to a jury trial. The plea judge advised Washington only that he had a right to a trial. Counsel could not remember whether he informed Washington of this right or even say that it was probable that he did so. Counsel's failure to advise his client on this issue before or during the plea proceeding easily could have left Washington with the reasonable impression that only a bench trial would be available to him.
Under all of the circumstances, we conclude that counsel's constitutionally ineffective performance affected the outcome of the plea process. A reasonably competent attorney would have recognized and informed his client of the possible defense to the forgery charge and the manner in which it could be used to his advantage in plea bargaining or in a trial before a judge or jury. It is unlikely that a client properly informed about the nature of the charge and the strength of this possible defense would have pleaded guilty. In our opinion, Washington has shown that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty to forgery and would have insisted on going to trial.

DECREE
For the reasons assigned, Washington's 1979 plea of guilty to forgery, as well as the sentence based thereon, are set aside since the plea was an involuntary one which resulted from ineffective assistance of counsel. The case is remanded for further proceedings.
GUILTY PLEA AND SENTENCE VACATED; CASE REMANDED.
*1340 MARCUS, and LEMMON, JJ., dissents and assign reasons.
BLANCHE, J., dissents.
MARCUS, Justice (dissenting).
I disagree with the majority that defendant had ineffective assistance of counsel because of his failure to advise defendant of the possibility that if he went to trial he might be found guilty of attempted forgery or theft when the guilty plea resulted in a suspended sentence. Accordingly, I respectfully dissent.
LEMMON, Justice, dissenting.
The majority holds that an attorney's performance falls below the range of competency demanded of attorneys in criminal cases when the attorney fails to advise his client that the lack of a signature on a forged check may be a defense to a charge of forgery, even though the client pleaded guilty (to a charge which was otherwise certain to be proved beyond a reasonable doubt) as part of a plea bargain and received a suspended sentence.[1] I disagree on two bases.
First, I would construe the term "any writing purporting to have legal efficacy" in La.R.S. 14:72 as including any writing which might appear to a person untrained in law as having possible legal effect. The Reporter's Comment at the time of the adoption of Section 72 stated that the phrase "purporting to have legal efficacy" was intended to place only a slight limitation on the word "writing" and should be broadly construed. Clearly, there was no intention to require legal validity of the writing, but rather only to impose a slight qualification on the broad phrase "any writing". Compare Model Penal Code § 224.1 (1980).
A form check, on which the name of the maker and of the bank have been printed and some of the blanks have been filled in by hand, may reasonably be construed to qualify as "any writing purporting to have legal efficacy", even if one of the requirements for transferability is missing.[2] Such a document certainly qualifies as a writing which may possibly deceive. State v. Gryder, 44 La.Ann. 962, 11 So. 573 (La.1892); Reporter's Comment to Section 72. Checks with a blank signature line are frequently transferred and accepted without question. Indeed, the particular check in the present case was transferred from relator to the grocer, from the grocer to the bakery as payment, and from the bakery to its bank for deposit, all without question as to the missing signature. The check lacked an element for valid transfer, but it purported to be something more than an innocuous piece of writing without any possible legal effect.
Second, relator failed to prove substandard competence on the part of relator's former attorney. Relator apparently admitted to counsel that he found a partially written check, filled in some of the blanks, and transferred it for the purpose of defrauding the grocer. On this record, I cannot say that counsel was so ineffective that the plea was unconstitutional because counsel failed to advise relator that he should have considered rejecting the extremely favorable plea bargain on the basis that the missing signature was a possible defense to the otherwise unassailable charge.
NOTES
[*] Blanche, J., retired, participated in this case ad hoc, in place of Cole, J., the matter having been heard and submitted before Justice Cole replaced Justice Blanche on the Court.
[1] Washington's probation was modified in 1984. He was required to serve sixty days in parish jail, with credit for time previously served, and again ordered to make restitution of $55.95.
[2] Thus we do not reach Washington's substantial claims of improper Boykinization and involuntariness of the plea under the totality of the circumstances.
[1] The record before this court does not reveal the terms of the plea bargain, but relator's present attorney argued at the hearing on the postconviction application that relator at the time of the plea "knew he was getting a deal, that he'd be released on probation".
[2] The check clearly qualified as a writing, part of which was falsely made with intent to defraud. The only possibly questionable element of the offense involved the requirement that the writing purport to have legal efficacy.