LEMMON, Justice,
dissenting.
The majority holds that an attorney’s performance falls below the range of competency demanded of attorneys in criminal cases when the attorney fails to advise his client that the lack of a signature on a forged check may be a defense to a charge of forgery, even though the client pleaded guilty (to a charge which was otherwise certain to be proved beyond a reasonable doubt) as part of a plea bargain and received a suspended sentence.[1] I disagree on two bases.
First, I would construe the term “any writing purporting to have legal efficacy” in La.R.S. 14:72 as including any writing which might appear to a person untrained in law as having possible legal effect. The Reporter’s Comment at the time of the adoption of Section 72 stated that the phrase “purporting to have legal efficacy” was intended to place only a slight limitation on the word “writing” and should be broadly construed. Clearly, there was no intention to require legal validity of the writing, but rather only to impose a slight qualification on the broad phrase “any writing”. Compare Model Penal Code § 224.1 (1980).
A form check, on which the name of the maker and of the bank have been printed and some of the blanks have been filled in by hand, may reasonably be construed to qualify as “any writing purporting to have legal efficacy”, even if one of the requirements for transferability is missing.[2] Such a document certainly qualifies as a writing which may possibly deceive. State v. Gryder, 44 La.Ann. 962, 11 So. 573 (La.1892); Reporter’s Comment to Section 72. Checks with a blank signature line are frequently transferred and accepted without question. Indeed, the particular check in the present case was transferred from relator to the grocer, from the grocer to the bakery as payment, and from the bakery to its bank for deposit, all without question as to the missing signature. The check lacked an element for valid transfer, but it purported to be something more than an innocuous piece of writing without any possible legal effect.
Second, relator failed to prove substandard competence on the part of relator’s former attorney. Relator apparently admitted to counsel that he found a partially written check, filled in some of the blanks, and transferred it for the purpose of defrauding the grocer. On this record, I cannot say that counsel was so ineffective that the plea was unconstitutional because counsel failed to advise relator that he should have considered rejecting the extremely favorable plea bargain on the basis that the missing signature was a possible defense to the otherwise unassailable charge.

. The record before this court does not reveal the terms of the plea bargain, but relator’s present attorney argued at the hearing on the postconviction application that relator at the time of the plea "knew he was getting a deal, that he’d be released on probation".

. The check clearly qualified as a writing, part of which was falsely made with intent to defraud. The only possibly questionable element of the offense involved the requirement that the writing purport to have legal efficacy.