STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
10-509

INNOVATIVE HOSPITALITY SYSTEMS, L.L.C.

VERSUS

ABE'S INC. AND/OR ABE'S AND/OR ABE'S GROCER, AND/OR JOHNNY
ABRAHAM, PERSONALLY, AND/OR GUS ABRAHAM, PERSONALLY,
AND/OR SUZANNE A. REEVES, PERSONALLY, AND/OR JEFF DAVIS
BANCSHARES, INC. D/B/A JEFF DAVIS BANK & TRUST CO., AND/OR
ACE CASH EXPRESS, INC. D/B/A AMERICA'S CASH EXPRESS, AND/OR
WACHOVIA BANK, N.A., AND/OR ABC CHECK CASHING, AND/OR
CAPITAL ONE, N.A., AND/OR JPMORGAN CHASE BANK, N.A.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-1677
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion,
Judges.

**AFFIRMED.**

Robert B. Evans, III
Cesar R. Burgos
Gabriel O. Mondino
3535 Canal St.
New Orleans, LA  70119
Counsel for Plaintiff/Appellant:
        Innovative Hospitality Services, L.L.C.

Stephen C. Polito
H. Alan McCall
Stephen D. Polito
P.O. Box 2900
Lake Charles, LA  70602
Counsel for Defendant/Appellee:
        Jeff Davis Bancshares, Inc. d/b/a Jeff Davis Bank & Trust Co.

**PAINTER, Judge**.

Plaintiff, Innovative Hospitality Systems, L.L.C. (IHS), appeals the judgment of the trial court granting Defendant, Jeff Davis Bancshares, Inc. d/b/a Jeff Davis Bank & Trust Company's (Jeff Davis Bank) exception of no cause of action. For the following reasons, we affirm.

## FACTS

The facts significant to this appeal, as alleged in Plaintiff's petition, are as follows: On March 23, 2007, approximately one-hundred-eight replicated and/or fraudulent checks written on Plaintiff's account at JPMorgan Chase Bank, N.A. (Chase) were cashed at Abe's, Inc. a/k/a Abe's Grocery. The next day those checks were deposited in Abe's account at Jeff Davis Bank. The checks were ultimately paid from Plaintiff's Chase account.

IHS filed suit against Jeff Davis Bank, among others. Jeff Davis Bank filed an exception of no cause of action asserting that Louisiana law affords no remedy to the maker of a check against a depositary or collecting bank. Jeff Davis Bank argued that IHS's only remedy is against its own bank for the amount of the checks charged against its account. The trial court granted the exception and dismissed IHS's claims against Jeff Davis Bank. IHS appeals.

## DISCUSSION

The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n*, 94-2015 (La.11/30/94), 646 So.2d 885. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial. *Barrie v. V.P. Exterminators, Inc.*, 93-0679 (La.10/18/93), 625 So.2d 1007. We subject a trial court's ruling sustaining an exception of no cause of action to *de novo* review because the exception raises a question of law

1

and the lower court's decision is based only on the sufficiency of the petition. *Kelly v. CNA Ins. Co.*, 98-0454 (La.3/12/99), 729 So.2d 1033.

*Finova Capital Corp. v. IT Corp.*, 33,994, pp. 2-3 (La.App. 2 Cir. 12/15/00), 774 So.2d 1129, 1131.

Plaintiff's petition contains the following allegations with regard to Jeff Davis Bank:

## II.

On or about March 24, 2007, **ABE'S** endorsed said checks and deposited them to its account with the **JEFF DAVIS BANK & TRUST CO.** in Jennings, Louisiana for collection against the account of Plaintiff, **INNOVATIVE HOSPITALITY SYSTEMS, L.L.C.**, with **JPMORGAN CHASE BANK, N.A.**

## III.

**JEFF DAVIS BANK & TRUST CO.** in Jennings, Louisiana negligently and without exercising ordinary care negotiated for collection against the account of Plaintiff, **INNOVATIVE HOSPITALITY SYSTEMS, L.L.C.** with **JPMORGAN CHASE BANK, N.A.** said one hundred and eight or more fraudulent checks. The fraudulent checks were negotiated by **JEFF DAVIS BANK & TRUST CO.** under circumstances including, but not limited to: on the same day, in groups of as many as six checks to the same payee, with the same check numbers, for the same amounts, lacking sufficiently identifiable endorsements by the payees, and with fraudulent drawer signatures.

. . . .

## XIV.

Plaintiff, **INNOVATIVE HOSPITALITY SYSTEMS, L.L.C.** avers that Defendants acted negligently and without exercising ordinary care in the cashing and negotiating said fraudulent checks, in the following non-exclusive manners.

    a.    Failure to see what they should have seen;

    b.    Failure to implement adequate check cashing protocols;

    c.    Failure to establish and/or maintain adequate check endorsement procedures.

2

d.      Failure to establish and/or maintain adequate payee identification procedures.

e.      Failure to train its employees in adequate check cashing control techniques;

f.      Failure to implement adequate software and/or other systems to detect fraudulent checks;

g.      Failure to issue and/or provide fraud protected checks; and

h.      Other acts of negligence to be proven at trial.

Louisiana Revised Statutes 10:1–103 sets out the purpose for which the Uniform Commercial Code (UCC) was adopted in Louisiana as simplification, clarification, and modernization of the law governing commercial transactions and to promote uniformity with other jurisdictions. The UCC displaces the Louisiana law applicable to negligent acceptance, payment, or presentment of a forged check by a depositary bank prior to its enactment. La.R.S. 10:1–103, *ASP Enter., Inc. v. Guillory*, 08-2235 (La.App. 1 Cir. 9/11/09), 22 So.3d 964, *writ denied*, 09-2464 (La. 1/29/10), 25 Sp.3d 834. Therefore, any negligence-based action asserted by Plaintiff in its petition has been displaced by the UCC and therefore, does not support a cause of action against Jeff Davis Bank.

Plaintiff, however, asserts that the trial court erred in failing to find that Jeff Davis Bank owes a duty to it as a drawer in the form of a presentment warranty under La.R.S. 10:3–417, and in failing to find that its petition states a cause of action for breach of that warranty.

Louisiana Revised Statutes 10:3–417 states that:

(a) If an unaccepted draft is presented to the drawee for payment or acceptance and the drawee pays or accepts the draft, (i) the person obtaining payment or acceptance, at the time of presentment, and (ii) a

3

previous transferor of the draft, at the time of transfer, warrant to the drawee making payment or accepting the draft in good faith that:

(1) the warrantor is, or was, at the time the warrantor transferred the draft, a person entitled to enforce the draft or authorized to obtain payment or acceptance of the draft on behalf of a person entitled to enforce the draft;

(2) the draft has not been altered;  and

(3) the warrantor has no knowledge that the signature of the drawer of the draft is unauthorized.

(b) A drawee making payment may recover from any warrantor damages for breach of warranty equal to the amount paid by the drawee less the amount the drawee received or is entitled to receive from the drawer because of the payment.  In addition, the drawee is entitled to compensation for expenses and loss of interest resulting from the breach. The right of the drawee to recover damages under this Subsection is not affected by any failure of the drawee to exercise ordinary care in making payment.  If the drawee accepts the draft, breach of warranty is a defense to the obligation of the acceptor.  If the acceptor makes payment with respect to the draft, the acceptor is entitled to recover from any warrantor for breach of warranty the amounts stated in this Subsection.

(c) If a drawee asserts a claim for breach of warranty under Subsection (a) based on an unauthorized indorsement of the draft or an alteration of the draft, the warrantor may defend by proving that the indorsement is effective under R.S. 10:3-404 or 10:3-405 or the drawer is precluded under R.S. 10:3-406 or 10:4-406 from asserting against the drawee the unauthorized indorsement or alteration.

(d) If (i) a dishonored draft is presented for payment to the drawer or an indorser or (ii) any other instrument is presented for payment to a party obliged to pay the instrument, and (iii) payment is received, the following rules apply:

(1) The person obtaining payment and a prior transferor of the instrument warrant to the person making payment in good faith that the warrantor is, or was, at the time the warrantor transferred the instrument, a person entitled to enforce the instrument or authorized to obtain payment on behalf of a person entitled to enforce the instrument.

(2) The person making payment may recover from any warrantor for breach of warranty an amount equal to the amount paid plus expenses and loss of interest resulting from the breach.

4

(e) The warranties stated in Subsections (a) and (d) cannot be disclaimed with respect to checks. Unless notice of a claim for breach of warranty is given to the warrantor within 30 days after the claimant has reason to know of the breach and the identity of the warrantor, the liability of the warrantor under Subsection (b) or (d) is discharged to the extent of any loss caused by the delay in giving notice of the claim.

(f) A cause of action for breach of warranty under this Section accrues when the claimant has reason to know of the breach.

Under La. R.S. 10:3–417(a), a warranty of presentment is available only to a drawee against a depositary bank. UCC § 3–417 Official Comment 2. While a warranty of presentment is available to a drawer as set out in La.R.S. 10:3–417(d), the petition herein contains no allegations that the drawee bank (Chase) dishonored the checks or that the checks were presented to the drawer (IHS) for payment. The petition alleges that Chase paid the checks.

Plaintiff further asserts that Jeff Davis owes it an obligation under La.R.S. 10:3–407(b) and 10:3-403. However, neither statute provides a remedy to a drawer against a depositary bank. Louisiana Revised Statutes 10:3-403 states that an unauthorized signature is ineffective. The remedy for the drawer where payment is made pursuant to a forged or unauthorized signature is against the drawee bank.

> [T]he general rule is that a bank is liable when it pays based upon a forged signature. *Colonial Bank v. Marina Seafood Market, Inc.*, 425 So.2d 722 (La.1983); *Columbia Finance Corp. v. Robitcheck*, 243 La. 1084, 150 So.2d 23 (La.1963); *Couvillon v. Whitney Nat'l. Bank of New Orleans*, 218 La. 1096, 51 So.2d 798 (1951). A charge against a customer's account based on a forged instrument is not an authorized charge under the contract between the parties because the order to pay was not given by the customer. 6 Hawkland, Leary & Alderman *UCC Series* § 4-401:03 (Rev. ed.1996). For that reason, a banking customer can insist that the drawee bank recredit to his account any funds paid out on a forged instrument. James V. Vergai & Virginia V. Shue, *Checks, Payments, and Electronic Banking* 458 (Practicing Law Institute 1986); *Fidelity Nat'l. Bank of Baton Rouge v. Vuci*, 224 La. 124, 68 So.2d 781 (1953).

*Marx v. Whitney Nat. Bank*, 97-3213, p. 3 (La. 7/8/98),713 So.2d 1142, 1145.

5

Louisiana Revised Statutes 10:3-407(b) does state, as alleged by Plaintiff, that fraudulent alteration of an instrument discharges a party whose obligation is affected by the alteration. However, Section (c) of La.R.S. 103-407 states that:

> **A payor bank or drawee** paying a fraudulently altered instrument or a person taking it for value, in good faith and without notice of the alteration, may enforce rights with respect to the instrument (i) according to its original terms, or (ii) in the case of an incomplete instrument altered by unauthorized completion, according to its terms as completed.

(Emphasis added.) Therefore, it the remedy for payment of a fraudulently altered instrument lies with the payor bank or drawee, not with the drawer.

Accordingly, we find that the trial court correctly found that the petition did not state a cause of action against Jeff Davis Bank.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff/Appellant, IHS.

**AFFIRMED.**

6