945 So.2d 961 (2006)
Randall MUNRO, Plaintiff-Appellant,
v.
Glen J. CARSTENSEN, and Patti L. Carstensen, Defendants-Appellees.
No. 41,714-CA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2006.
*963 Ross E. Shacklette, Bossier City, for Appellant.
Alan Stegall, for Appellees.
Before GASKINS, DREW and MOORE, JJ.
GASKINS, J.
The plaintiff, Randall Munro, appeals from a trial court judgment awarding him recovery for materials he purchased and used to improve a building belonging to the defendants, Glen J. Carstensen and Patti L. Carstensen. The plaintiff argues that the trial court erred in failing to make an award for his labor on the building and contends that the award for materials and expenses did not fully compensate him. The plaintiff also claims that the trial court erred in granting the defendants an offset for rent for a period of time during which the plaintiff had exclusive use of the building. For the following reasons, we affirm the trial court judgment.

FACTS
In November 2002, Mr. Munro and Mr. Carstensen met at a local casino where they both worked. Both men enjoyed woodworking and they explored the possibility of going into business together. Mr. Carstensen owned a vacant building on Fairfield Avenue in Shreveport that he offered to house the business. Mr. Munro had woodworking equipment that he agreed to furnish. The two began cleaning out the building and making improvements. The plaintiff contends that he did almost all the physical labor, as well as *964 paying for materials to improve the building.
The relationship between the parties began to sour, and Mr. Munro demanded reimbursement for his labor and materials. At some point in 2003, Mr. Munro began to use the building exclusively to work on cars. In June 2003, Mr. Carstensen directed Mr. Munro to vacate the building when he was through with his cars. Mr. Munro moved out of the building the second or third week of July.
In August 2003, Mr. Munro filed the present suit against Mr. Carstensen and his wife, Patti Carstensen, seeking $11,250.00 for labor and materials connected with improving the building. He claimed that he worked 660 hours on the building and sought $15.00 per hour for his labor. The plaintiff asserted that Mr. Carstensen agreed to pay $1,500 for the materials within 90 days, but failed to do so.
In January 2004, the defendants filed an answer and reconventional demand, claiming that Mr. Munro had exclusive use of the building for 45 days to store personal items and equipment, as well as to work on cars. The defendants sought rent for the time Mr. Munro had the exclusive use of the building. They also asked for an offset if the court found that they were indebted to Mr. Munro.
After a bench trial, the court signed a judgment granting the plaintiff $881.64 in reimbursement for materials. The court found that the parties disagreed about almost every issue in this matter. According to the court, there was no meeting of the minds between the parties regarding their business agreement. There was no partnership or joint venture, no agreement about splitting profits, and no agreement as to whether Mr. Munro was to be reimbursed for materials and expenses. The court stated that the issues before it for decision were: (1) what compensation, if any, was due to the plaintiff, and (2) the defendants' entitlement to an offset.
Because there was no contract between the parties, the trial court applied La. C.C. art. 2298 on unjust enrichment to find that the defendants received benefits from the plaintiff's work and purchase of materials for the building. The court allowed recovery for the materials that the plaintiff could prove he purchased. The court denied recovery for those items that the plaintiff could not document.
The court found that the plaintiff's claim that he worked more than 600 hours on the building was exaggerated and unsubstantiated. The court also found unreasonable the plaintiff's assertion that he should be paid $15.00 per hour for his work. The court noted that the plaintiff failed to retain any time records to document the amount of labor he expended on the building. The court stated that it could not calculate an amount for the plaintiff's labor. The court further found that the defendants failed to establish the rental value of the building. According to the court, the plaintiff's labor on the building was offset by the time he had the exclusive use of the building. Therefore, the plaintiff was not given a monetary award for his labor and the defendants were not given an award for their claim for rent.
The plaintiff appealed the trial court judgment. On appeal, the plaintiff asserts that the trial court erred in failing to make an award for his labor. The plaintiff argues that the trial court erred in awarding an offset for rent when there was no evidence regarding the rental value of the property. The plaintiff claims that the trial court erred in failing to fully reimburse him for expenses and materials connected with the building.

*965 LABOR
The plaintiff argues that the trial court erred in failing to make an award for his labor on the defendants' building. The plaintiff essentially argues that the trial court was wrong in failing to accept his testimony regarding the number of hours he worked on the building and the hourly value of his work. He argues that his testimony is corroborated somewhat by the defendants. He claims that Mr. Carstensen and his sons testified that the plaintiff was frequently present at the building, working on it. This argument is without merit.
At trial, the plaintiff explained that when the parties decided to go into business together, they agreed that Mr. Carstensen would furnish the building and Mr. Munro would furnish the equipment. A good deal of work was necessary to prepare the building for use as a business. The plaintiff testified that he did an extensive amount of work on the defendants' building. He dismantled a galvanized metal wall in the building and removed old ceiling tiles, rotted wood, a meat scale and a water heater and other pieces of old equipment. The plaintiff stated that he hauled away four trailer-loads of debris. The plaintiff claimed that he had done some renovation work in the past and charged $15.00 per hour for his time.
The plaintiff's claim that he worked almost exclusively on the building was disputed by the defendants. Mr. Carstensen testified that he and Mr. Munro agreed to go into the woodworking business together and that Mr. Munro had the equipment, labor, and money for materials, while Mr. Carstensen furnished the building. He claimed their agreement was to equally split the profits from the business. Mr. Carstensen testified that he and his two sons helped with a lot of the work on the building. This testimony was corroborated by Mr. Carstensen's sons. Mr. Carstensen stated that he agreed to let Mr. Munro use the building because of the labor and materials he furnished. He testified that he never agreed to pay the plaintiff for labor and materials.
The plaintiff had the burden of proving his entitlement to payment for labor. The trial court found that he failed to prove his claim. This was a finding of fact based upon the evidence and testimony presented at trial. Such findings are subject to the manifest error standard of review recently reiterated by the Louisiana Supreme Court in Cosby v. Holcomb Trucking, Inc., XXXX-XXXX (La.9/6/06), 942 So.2d 471:
Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. However, where documents or objective evidence so contradict the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based on a credibility determination. But where such factors are not present, and a fact finder's finding is based on its decision to credit the testimony of one or two or more witnesses, that finding can *966 virtually never be manifestly erroneous or clearly wrong. [Citations omitted.]
The record supports the trial court's finding that the parties had no meeting of the minds regarding their business dealings and never agreed for the plaintiff to be paid for his labor. Further, the plaintiff failed to establish the number of hours he worked on the building. Mr. Munro claimed that he recorded his time "in his paperwork." However, at trial he did not introduce any records to corroborate his claims regarding the number of hours worked.
The plaintiff's own testimony shows that there was no agreement that he receive payment for his labor. Mr. Munro testified that, "I volunteered my time to help him get this building in good enough shape to start a business." In his brief, the plaintiff stated that he "agreed to help clear the building and make some labor and monetary donation to getting the building ready (clearing it out, fixing the roof, etc.) for occupancy, but the responsibility for the building was totally Carstensen's."
The trial court evaluated the evidence and testimony presented and made credibility determinations. The court's decision rejecting the plaintiff's claim for monetary payment for his labor was not manifestly erroneous or clearly wrong.

OFFSET
The plaintiff contends that the trial court erred in awarding an offset for his labor and the defendants' claim for rent on the building. This argument is without merit.
Although the plaintiff did not prove the number of hours worked, and the defendants offered no proof of the value of rent for the building for the 45 days that the plaintiff had the exclusive use of it, the court allowed an offset for the two claims. The court's decision was based on the finding that the parties had no meeting of the minds and therefore no agreement. In arriving at this decision, the court applied the principle of unjust enrichment set forth in La. C.C. art. 2298:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.
The root principle of unjust enrichment is that the plaintiff suffers an economic detriment for which he should not be responsible, while the defendant receives an economic benefit for which he has not paid. Coastal Environmental Specialists, Inc. v. Chem-Lig International, Inc., XXXX-XXXX (La.App. 1st Cir.11/9/01), 818 So.2d 12.
A person is enriched when his assets increase, without adequate compensation, or his liabilities diminish. Conversely, one is impoverished when assets are diminished, a "justified expectation of gain" is prevented, or liabilities increased. Gulfstream Services, Inc. v. Hot Energy Services, Inc., XXXX-XXXX (La.App. 1st *967 Cir.3/24/05), 907 So.2d 96, writ denied, XXXX-XXXX (La.6/17/05), 904 So.2d 706.
The five requirements for establishing a claim for unjust enrichment are: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) there must be no other remedy at law available to the plaintiff. Finova Capital Corporation v. IT Corporation, 33,994 (La.App.2d Cir.12/15/00), 774 So.2d 1129.
The record shows that there was an enrichment and an impoverishment, a connection between the two, and an absence of justification or cause for the enrichment and impoverishment. Further, because the court found that there was no meeting of the minds and therefore no agreement between the parties, there was no other remedy at law available to the plaintiff.[1] Accordingly, the trial court was not manifestly erroneous or clearly wrong in applying unjust enrichment to this case or in allowing an offset between the plaintiff's claim for labor and the defendants' claim for rent.

MATERIALS
The plaintiff claims that the trial court failed to fully reimburse him for all materials and expenses connected with the building. He contends that the trial court erred in failing to award him recovery for $34.00 paid to a welding company, $80.00 paid to an individual who helped him work on the building, and $20.00 to another person who helped with taking debris to the dump. The plaintiff had no receipts for these expenditures, but claimed that they were not disputed by the defendants. The plaintiff also claims that the trial court erred in failing to reimburse him for $218.69 in electric bills he paid for the building. This argument is without merit.
At trial the plaintiff asserted that he paid for all the materials, with the exception of $100.00 that Mr. Carstensen paid for the lock for the front door. He claimed that he purchased and installed metal to secure the windows, plywood, and new front doors. He also paid for an electrician to do necessary work to turn on the electricity. Mr. Munro had the electricity account put in his name and paid the bills. At one point, the plaintiff had the only key to the building and had the exclusive use of it to work on his cars.
The plaintiff testified that Mr. Carstensen said that he would reimburse him for his materials and asked for 90 days to pay, but he failed to do so. Mr. Munro contended that Mr. Carstensen refused to put their agreement regarding reimbursement in writing. One week after the doors were installed, Mr. Munro contends that Mr. Carstensen told him that he could not pay and offered to sell him the building for $38,500.00. The defendants had purchased the building for $8,500.00 several years earlier.
The trial court noted in its reasons for judgment that the plaintiff's receipts regarding materials purchased for the building were extremely disorganized. The *968 trial court chose to award the plaintiff recovery for those expenditures he could establish by receipts and rejected his undocumented claims. We find that the trial court's credibility determination in this regard was not manifestly erroneous or clearly wrong.
The trial court's reasons for judgment do not address the electric bills for the building. The record shows that the plaintiff chose to place the electric utility account solely in his name. Further, it appears that these bills were incurred during the time that the plaintiff had the exclusive use of the building and was using it solely for his own benefit. The trial court did not err in failing to include recovery for the electric bills in its judgment.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment. Costs in this court are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] At trial, the defendants objected to the use of the theory of unjust enrichment, arguing that it was an expansion of the pleadings. They mention this objection in their brief, stating, "While Appellees do not claim the District Court was clearly wrong in finding that the evidence in this matter could support the theory of unjust enrichment, Appellees do contest Munro's pursuit of recovery under this theory as it was not pled." They have not appealed or answered the appeal. Therefore, the issue is not properly before this court on appeal.